GLOBE–DEMOCRAT PUBLISHING COM-
PANY, a Corporation, (Plaintiff)
Appellant,

v.

The INDUSTRIAL COMMISSION of Mis-
souri, Division of Employment Security De-
partment of Labor and Industrial Rela-
tions, a Public Quasi Corporation of the
State of Missouri; and James L. Andert,
(Defendants) Respondents.

No. 31040.

St. Louis Court of Appeals.

Missouri.

Oct. 16, 1962.

Morton H. Orensetin, Hugh E. Gibbons
and Hocker, Goodwin & MacGreevy, St.
Louis, for appellant.

Lloyd G. Poole, Jefferson City, for In-
dustrial Commission.

George Schwartz, Jefferson City, for Di-
vision of Employment Security, etc.

James K. Cook and Schuchat & Cook,
St. Louis, for James L. Andert.

ANDERSON, Presiding Judge.

This is an action for judicial review of a decision of The Industrial Commission of Missouri made in respect to a claim for unemployment compensation under the Employment Security Law of Missouri, Chapter 288, RSMo 1959, V.A.M.S.

The claim was filed by James L. Andert. The Globe-Democrat Publishing Company was named as the employing unit. On January 21, 1960, a claims Deputy of the Division of Employment Security determined that claimant became eligible for unemployment compensation benefits on January 10, 1960. The Globe-Democrat appealed from this decision, and a hearing was had on February 10, 1960, before an appeals referee of the Division of Employment Security. Claimant appeared at this hearing, but the Globe did not. The referee, on February 16, 1960, rendered a decision affirming the determination of the claims deputy. The Globe thereafter, on February 26, 1960, applied to the Industrial Commission for a review of the decision of the appeals referee. Said application was denied on May 4, 1960. Thereafter, and on May 10, 1960, the Commission entered its order denying Globe's request for reconsideration of its order of May 4, 1960. The Globe then brought this action for review in the Circuit Court of the City of St. Louis. Named as defendants were claimant and The Industrial Commission of Missouri, Division of Employment Security Department of Labor and Industrial Relations.

Claimant worked for the Globe-Democrat Publishing Company for eight years prior to his dismissal for lack of work in May 1959. At that time he was 63 years old. He was a member of Local No. 1 of the International Brotherhood of Electrical Workers, and had been a member of that union for approximately 32 years. Upon being laid off of work by the Globe-Democrat, claimant, through the union's hiring hall, secured practically full time work from the end of July 1959, until the 6th or 7th of January 1960. He was sent out on three jobs during this time. The next day after being laid off from work in January he again registered his name on the out-of-work list of his union's hiring hall but did not receive any assignment for work for the weeks ending January 16, 23 or 30. He was also registered with the public employment office. He made no other effort to secure work.

Claimant's testimony as to the method pursued by unemployed members of the union when seeking work was as follows:

"Q. Electricians belonging to that union, when they become unemployed how do they go about in seeking other work?

"A. Well, in our case there it is known as a hiring hall setup. When you get laid off you put your name on the out-of-work list. For instance, when I put my name on I was 100 on the list. When my name comes up I get sent out on the job."

On May 24, 1959, claimant filed his initial claim for unemployment benefits. He renewed his claim on January 10, 1960, claiming benefits for the weeks ending January 16, January 23 and January 30, 1960. As heretofore stated the claims deputy found that claimant became eligible for benefits on January 10, 1960. The Appeals Referee in affirming this decision made the following findings:

"The claimant worked for the employer as an electrician for a number of years. He was laid off because of lack of work in May, 1959. Throughout the period that he worked for the employer the claimant belonged to a local of the International Brotherhood of Electrical Workers. Upon being laid off in May of 1959 the claimant registered for work with his union and within a week or so the Union found him employment. The claimant has had three different jobs since working for the employer in this appeal. All of

these jobs were secured through his union. He had practically full-time work from May of 1959 to January 1, 1960. Members of the union to which claimant belongs secure most of their work through the union.

"During the three weeks under consideration the claimant was registered with his union but the union did not refer him to any jobs. The claimant was able to work, he wanted work, and there were no circumstances which would have prevented him from accepting employment.

"To be entitled to benefits under the Missouri Employment Security Law an individual must be available for work, and no person may be deemed available for work unless he has been earnestly and actively seeking work.

"The Referee finds that the claimant was available for work during the weeks under consideration. He wanted work and there were no circumstances which would have prevented him from accepting employment. His registration for work with his union, constituted an active search for work for an individual in his circumstances.

"DECISION:

"The determination of the deputy is affirmed.

"Dated at Jefferson City, Missouri, this *16th* day of February, 1960."

■■■■ Globe's application to the Industrial Commission for review of this decision, it was alleged as grounds therefor that the Appeals Referee had erred in his findings, and should have found that claimant was not available for work during the weeks for which the claim was allowed, for the reason that claimant had not, and was not, actively and earnestly seeking work. As heretofore stated this application was denied, and by reason thereof the decision of the Appeals Tribunal is to be deemed the decision of the Industrial Commission for the purpose of Judicial Review. (See. 288.200 RSMo 1959, V.A.M.S.)

Appellant's contention on this appeal is that the trial court erred in affirming the decision of the Commission for the reason that it is not supported by competent and substantial evidence upon the whole record, for the reason there was no showing that claimant was actively and earnestly seeking work during the period of his unemployment.

■ In support of this contention it is urged by appellant that by merely registering his name on the out-of-work list at the Union hiring hall, claimant had not satisfied the requirements of the statute [§ 288.040, subd. 1(2)], since the record contained no competent and substantial evidence that members of the union secured most of their work in this manner, or that plaintiff secured practically full-time employment through the Union from May to January 1, 1960, as found by the Commission apparently as a basis for its conclusion that claimant was actively and earnestly seeking work after his layoff in January.

Claimant, in answer to a question calling for information as to how unemployed members of the union went about seeking other work, testified as to the existence of a hiring hall and stated that "when you get laid off you put your name on the out-of-work list." It is true that this phase of the case could have been more fully developed and, perhaps would have been, had appellant appeared at the hearing to contest the case, but in our judgment the evidence was sufficient to support the finding of the Commission that unemployed members of the union secured most of their work through the Union's hiring hall.

■ With respect to the finding that claimant secured practically full-time employment from May 1959 to January 1, 1960: this finding is slightly inaccurate, for the record shows that the full-time employment which claimant secured through his union was from the end of

July 1959 to the 6th or 7th of January 1960. But such error in the finding should not result in a reversal or a holding that claimant during the period for which he seeks benefits was not actively and earnestly seeking work. Claimant sought unemployment benefits for a period during January 1960, and not for May, June or July 1959.

It may be that during May and June he was not actively and earnestly seeking work, for the record does not show when he first registered with the Union. But the record is clear that he did register his name the day following his layoff in January 1960, and if such registration is a sufficient showing that during the time for which he seeks benefits he was actively and earnestly seeking work, his failure to promptly do so in May 1959 is immaterial.

 We believe that under the facts and circumstances of this case the Commission could reasonably have found that during the time in question claimant was actually and earnestly seeking work within the meaning of the Employment Security Law. He registered at his Union's hiring hall, a means designed for members of the union to attach themselves to the labor market. This system was effective in securing work for claimant on three prior occasions during the six months period prior to his layoff in January 1960. Having proved to be a workable method for securing employment its use by claimant cannot be viewed otherwise than a reasonable and good faith effort to secure suitable employment of a character which he was qualified to perform by reason of past experience and training. He did those things which a reasonably prudent person would be expected to do under the circumstances. His efforts satisfied the requirements of the statute.

We will not prolong this opinion by a review of the authorities relied upon by appellant in support of its position. We have examined each and every one of them

and find they are either not in point or clearly distinguishable on their facts from this case. It was the function of the trial court in this case to determine whether the decision under review was supported by competent and substantial evidence upon the whole record. In our view the trial court correctly held the evidence sufficient in this respect. The judgment appealed from is affirmed.

WOLFE, J., and ELGIN T. FULLER, Special Judge, concur.

RUDDY, J., not participating.