Olaf Claude HANSEN, Plaintiff-Appellant,

v.

The DIVISION OF EMPLOYMENT SECURI-TY and Industrial Commission of Missouri, Defendants-Respondents.

No. 36066.

Missouri Court of Appeals, St. Louis District, Division 2.

Feb. 25, 1975.

Lawrence O. Willbrand, St. Louis, for plaintiff-appellant.

Lloyd G. Poole, James J. Butler, Jefferson City, for Ind. Comm.

Lloyd G. Hanley, Terry C. Allen, Jefferson City, for Div. of Employment Security.

KELLY, Judge.

This appeal from a judgment of the Circuit Court of St. Louis County, Missouri, presents the question whether the Circuit Court of St. Louis County, Missouri, had jurisdiction over a petition for review of a decision of the Industrial Commission of Missouri denying an Application for Review of a decision of an Appeals Tribunal of the Industrial Commission holding that appellant was an "employer" as defined in the Missouri Employment Security Law, § 288.032 RSMo 1969, V.A.M.S. We affirm the judgment of the trial court dismissing appellant's petition for review.

Appellant is in the business of obtaining new subscriptions to a daily newspaper, the St. Louis Post Dispatch, and in the furtherance of his business he enters into agreements with and supervises other persons he denominates "crew managers" who are assigned defined areas in the City and County of St. Louis. These crew managers in turn hire young boys to solicit subscriptions to the newspaper. A sum is paid to the appellant for each new subscription obtained and he in turn pays the crew managers who then pay the boys. On December 5, 1972, appellant was mailed a "Notice of Liability and Transfer of Predecessor's Account to Successor" advising him that an administrative determination had been made that he was an employer subject to the Missouri Employment Security Law and thereafter on December 14, 1972 a request "for reconsideration and hearing" was made by counsel for the appellant. A notice of hearing was mailed to appellant on February 21, 1973, a hearing was conducted on March 5, 1973 before an Appeals Referee, and on the 3rd of April, 1973, he rendered his decision from whence the subsequent petitions for review were perfected.[1]

§ 288.210 RSMo 1969, V.A.M.S., provides that within ten days after a decision of the commission has become final, the director or any other party aggrieved thereby may secure judicial review thereof by commencing an action in the circuit court of the county of *claimant's residence, or, in respect to those matters not involving a claimant the circuit court of Cole County*. "Claimant" is defined in § 288.-030 RSMo 1969, V.A.M.S., as ". . . an individual who has filed an initial claim for determination of his status as an insured worker, a notice of unemployment, a certification for waiting week credit, or a claim for benefits." Appellant does not fit into this definition as a "claimant" and

---

1. This appeal was originally filed in the Supreme Court, but respondent's motion to transfer the cause to this Court on the grounds that the appellant did not raise the constitutional issue presented therein for review in the Circuit Court and therefore had not properly preserved the constitutional issues was sustained and the cause was transferred.

therefore his petition for review should have been filed in the Circuit Court of Cole County.

■ Article V, § 22 of the Constitution of Missouri, 1945, V.A.M.S., provides for judicial review of the decisions, findings, rules and orders of adminstrative officers or bodies existing under the Constitution or by law which are judicial or quasi-judicial and affect private rights. Article V, § 14 also provides that the circuit courts of this state shall have appellate jurisdiction as provided by law. It was pursuant to these constitutional provisions that the Legislature enacted § 288.210 RSMo 1969, V.A.M.S., affording judicial review of the decisions of the Industrial Commission and setting out the procedure to be followed. The statutory procedure must of necessity be fully complied with before the jurisdiction of the reviewing court attaches, and where it becomes apparent to the court that the statute has not been met, the court has the inherent power to order dismissal of the petition for review for lack of jurisdiction. State of Missouri ex rel. Burns v. Stanton, 311 S.W.2d 137, 140[2] (Mo.App.1958). We are not here confronted with a venue problem. In carrying out its constitutionally mandated duty to afford judicial review of administrative decisions the Legislature provided the complete and exclusive procedure for obtaining judicial review of decisions of the Industrial Commission. Duzer v. Industrial Commission, 402 S.W.2d 616, 618[1] (Mo.App.1966). Failure to file the petition in the circuit court having jurisdiction thereof was grounds for dismissal of appellant's petition for review. Ward v. Public Service Commission, 341 Mo. 227, 108 S.W.2d 136, 139[3] (Mo.1937).

We affirm.

SMITH, C. J., and STEWART, J., concur.