GASLIGHT REAL ESTATE
CORPORATION, Appellant,

v.

LABOR AND INDUSTRIAL RELA-
TIONS COMMISSION,
Respondent.

No. WD 31077.

Missouri Court of Appeals,
Western District.

Sept. 2, 1980.

Campbell, Gilmore, Erickson, Cottingham,
Morgan & Gibson, James S. Cottingham,
John W. Dennis, Jr., Independence, for ap-
pellant.

Rick V. Morris, Jefferson City, for respondent Missouri Division of Employment Sec.

Kevin M. Hare, Jefferson City, for respondent Labor and Indus. Relations Commission of Missouri.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Gaslight Real Estate Corporation (Gaslight) has appealed from an order of the Circuit Court of Jackson County, Missouri, dismissing its petition for review of a decision of the Labor and Industrial Relations Commission of Missouri (Commission) affirming a decision by an Appeals Tribunal of the Missouri Division of Employment Security that Gaslight was liable for contributions under the Missouri Employment Security Law (Chap. 288, RSMo 1978). The order of dismissal entered by the Circuit Court on June 25, 1979, was premised upon lack of jurisdiction.

Shortly after Gaslight filed its petition for review in the Circuit Court of Jackson County, it concluded, and properly so, that exclusive jurisdiction to hear the matter was vested in the Circuit Court of Cole County, Missouri, and conversely, that the Circuit Court of Jackson County had no jurisdiction over the subject matter. The basis for Gaslight's conclusion is found in Sections 288.210 and 288.030(6), RSMo 1978. Section 288.210, *supra*, insofar as here pertinent, provides that "[w]ithin ten days after a decision of the commission has become final, the director or any other party aggrieved thereby may secure judicial review thereof by commencing an action in the circuit court of the county of claimant's residence or, *in respect to those matters not involving a claimant* or involving a claimant who is not a resident of this state, *the circuit court of Cole county*, against the commission for the review of such decision . . . ." (Emphasis added.) Section 288.030(6), *supra*, defines "Claimant" as "an individual who has filed an initial claim for determination of his status as an insured worker, a notice of unemployment, a certification for waiting week credit, or a claim

for benefits." *Springfield Gen. Osteo. Hosp. v. Indus. Com.*, 538 S.W.2d 364 (Mo. App.1976), and *Hansen v. Division of Employment Security*, 520 S.W.2d 150 (Mo.App. 1975), judicially validate the correctness of Gaslight's belated conclusion.

Gaslight sought to avoid the adverse legal consequences of having filed its petition for review in the wrong forum, i. e. dismissal, by filing a motion in the Circuit Court of Jackson County praying for "a change of venue to the Circuit Court of Cole County, Missouri."

The Labor and Industrial Relations Commission of Missouri entered its "special appearance" and moved the Circuit Court of Jackson County to dismiss Gaslight's petition for review and deny its motion for "change of venue" because of lack of jurisdiction.

The trial court explicated its reasons for dismissing Gaslight's petition for review and denying its motion for change of venue in an accompanying "memorandum" opinion: "If, as is abundantly clear, this Court has no jurisdiction over . . . the subject matter because of exclusive jurisdiction . . . vested in the Circuit Court of Cole County, Missouri, then a fortiori this Court has no jurisdiction, power or ability to change the venue or to do anything at all touching the case other than to dismiss it for want of jurisdiction."

It is necessary to keep the above in mind in order to put Gaslight's position on appeal in proper perspective. Although Gaslight again concedes, on appeal, that the Circuit Court of Jackson County lacked jurisdiction to entertain its petition for review since jurisdiction was vested exclusively in the Circuit Court of Cole County, it nevertheless contends that the Circuit Court of Jackson County should have sustained its motion for "change of venue" to the Circuit Court of Cole County rather than dismiss its petition for review outright. Gaslight has injected considerable confusion in the case on appeal by its failure to come to grips with the fact that jurisdiction and venue are distinguishable and what it actually sought was transfer of its petition for review to

the Circuit Court of Cole County which was vested with exclusive jurisdiction of the matter by statute. (Section 288.210, *supra.*)

 Article V, § 18 of the Constitution of Missouri [1] not only guarantees the right to judicial review of administrative decisions, but also authorizes the legislature to provide a method of review, e. g. designation of the court and the time where and when judicial review lies. The legislature responded to its constitutional authority with respect to judicial review of decisions of the Labor and Industrial Relations Commission of Missouri by enacting Section 288.210, *supra.* As conceded by Gaslight, the Circuit Court of Cole County was the only court designated by Section 288.210, *supra,* to hear its petition for review. Gaslight's admitted failure to comply with the review procedure established by Section 288.210, *supra,* was jurisdictionally fatal. *Springfield Gen. Osteo. Hosp. v. Indus. Com., supra*; and *Hansen v. Division of Employment Security, supra.* A question of subject matter jurisdiction rather than venue is involved where a statute vests a particular court with authority to judicially review an administrative decision; perforce, a court which is not statutorily vested with review authority lacks subject matter jurisdiction. *State ex rel. State Tax Commission v. Luten,* 459 S.W.2d 375 (Mo.banc 1970); *Warnecke v. State Tax Commission,* 340 S.W.2d 615 (Mo.1960); *Springfield Gen. Osteo. Hosp. v. Indus. Com., supra*; *Hansen v. Division of Employment Security, supra*; and *Lafayette Fed. Sav. and L. Ass'n. of Gr. St. Louis v. Koontz,* 516 S.W.2d 502 (Mo.App.1974).

 It is indelibly written in this state that "[p]roceedings of a court without jurisdiction of the subject–matter are absolutely void." *State ex rel. Callahan v. Hess,* 348

Mo. 388, 393, 153 S.W.2d 713, 715 (1941). See also *United Cemeteries Co. v. Strother,* 342 Mo. 1155, 1161, 119 S.W.2d 762, 765 (1938). Under prevailing case law the only recourse left for a trial court which lacks subject matter jurisdiction is exercise of its inherent power of dismissal. *Hansen v. Division of Employment Security, supra*; and *State ex rel. Burns v. Stanton,* 311 S.W.2d 137, 140 (Mo.App.1958). As noted in *Nothstine v. Feldmann,* 298 Mo. 365, 375, 250 S.W. 589, 592 (1923), a court lacking subject matter jurisdiction cannot confer jurisdiction upon a court possessing subject matter jurisdiction under the guise of a change of venue.

 Gaslight strains to avoid the harsh reality of dismissal by arguing for the first time on appeal that Article V, § 11 of the Constitution of Missouri, as amended in 1976, and effective January 1, 1979,[2] invested the Circuit Court of Jackson County with authority to transfer the petition for review to the Circuit Court of Cole County. Gaslight belatedly argues on appeal that the last sentence of Article V, § 11, *supra,* should be construed as applicable to circuit courts as well as to the supreme court and courts of appeal. To date, Article V, § 11 of the Constitution of Missouri, as amended, has never been judicially construed. The purported applicability of Article V, § 11, *supra,* was never raised or mentioned at the trial court level by Gaslight notwithstanding the fact that it filed lengthy written suggestions in support of its motion for "change of venue" and in opposition to the Commission's motion to dismiss. Stringent procedural requirements obtain in this state regarding the raising and preservation of constitutional issues, not the least of which is that they must be raised at the first

1. Article V, § 18 of the Constitution of Missouri reads, in part, as follows: "All final decisions, findings, rules and orders on any administrative officer or body existing under the constitution or by law, which are judicial or quasi–judicial and affect private rights, shall be subject to direct review by the courts as provided by law . . . ."

2. "Section 11. *Want of jurisdiction, effect — transfers.* In all proceedings reviewable on ap-

peal by the supreme court or the court of appeals, appeals shall go directly to the court or district having jurisdiction, but want of jurisdiction shall not be ground for dismissal, and the proceeding shall be transferred to the appellate court having jurisdiction. An original action filed in a court lacking jurisdiction or venue shall be transferred to the appropriate court."

available opportunity. *City of St. Louis v. Butler Co.*, 358 Mo. 1221, 1227, 219 S.W.2d 372, 376 (banc 1949); and *Woodling v. Westport Hotel Operating Co.*, 331 Mo. 812, 819, 55 S.W.2d 477, 479 (1932). The courts of this state have been wary of excusing rigid adherence to the procedural requirements attending the raising and preservation of constitutional issues and no compelling reason protrudes in this case to justify their relaxation.

Gaslight argues that the "interests of justice" demand transfer of this case to the Circuit Court of Cole County rather than outright dismissal. This argument labors under the misapprehension that Section 288.210, *supra*, speaks in terms of venue rather than jurisdiction and therefore has a certain amount of elasticity. To the contrary, Section 288.210, *supra*, provides a complete and exclusive procedure for obtaining judicial review of decisions of the Labor and Industrial Relations Commission and the filing of a petition for review in the statutorily designated court is a necessary prerequisite for jurisdiction to attach. *Springfield Gen. Osteo. Hosp. v. Indus. Com., supra*; and *Hansen v. Division of Employment Security, supra*. Since Gaslight failed to file its petition for review in the statutorily designated court having jurisdiction, the Circuit Court of Jackson County per prevailing case law had no alternative but to exercise its inherent power of dismissal. *Hansen v. Division of Employment Security, supra*. Sustention of Gaslight's erroneously denominated motion for "change of venue" by the Circuit Court of Jackson County would have been an abortive assumption of jurisdiction over Gaslight's petition for review. This the Circuit Court of Jackson County could not do—lacking jurisdiction over Gaslight's petition for review from the very outset there was nothing before it to assume jurisdiction over.

Judgment affirmed.

All concur.