**LESTER E. COX MEDICAL CENTER and Springfield General Osteopathic Hospital, Petitioners–Respondents,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION of Missouri and the Division of Employment Security, Respondents–Appellants.**

No. 10958.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 10, 1980.

Motion for Rehearing or Transfer Denied Oct. 1, 1980.

John F. Gillespie, Rick V. Morris, Jefferson City, for respondent–appellant Division of Employment Sec.

D. J. Chatfield, Jefferson City, for respondent-appellant Industrial Relations Comn.

Donald W. Jones, Gary T. Nelms, Jones, Keeter, Karchmer, Nelms & Sullivan, Springfield, for petitioners-respondents.

HOGAN, Judge.

At various times between January 25 and September 8, 1976, seven persons who had been employees of the Cox Medical Center and three persons who had been employees of the Springfield General Osteopathic Hospital filed claims for employment security under the provisions of Chapter 288, RSMo (1969), as amended. The Division made determinations of eligibility and awards in each case. Each claim was appealed as provided by § 288.190, RSMo (Supp.1975); in each case review of the decision of the appeals tribunal was sought by the former employer. On January 13, 1977, the Commission, by separate orders, denied review of the findings involving claimants Baston, Davis, Hinkley, Landers, Parker, Taylor and Knapp, who had been employed by Cox; on the same day the Commission denied review of the findings involving claimants Batson and Chowning, and on January 26, 1977, the Commission denied review of the finding affecting claimant Smith. Claimants Batson, Chowning and Smith were former employees of Springfield General.

The respondents thereafter filed a joint petition in the Circuit Court of Greene County seeking judicial review of all the orders enumerated above. On January 18, 1978, the court entered a judgment reversing all 11 orders of the Commission.[1] The Commission and the Division have appealed.

---

1. There are two orders affecting one of the 10 claimants.

The appellants have briefed and argued seven assignments of error; three of the assignments are subdivided. Respondents have taken the points as presented, but a detailed consideration of every point tendered is not required and would probably be imprudent. We shall consider only those matters essential and necessary to an orderly disposition of the appeal on its merits. *Logsdon v. Duncan*, 293 S.W.2d 944, 946[1] (Mo.1956).

The appellants' first two points deal with venue and joinder. The substance of these points is that the circuit court lacked jurisdiction of the claim of Barbara S. Knapp because she was not a resident of Missouri, and that it was improper to review all the orders in one action because the orders did not constitute a single transaction or occurrence, nor involve any common question of law or fact.

Section 288.210, RSMo (1969), governed judicial review of employment security cases when the petition was filed. In part, the statute read:

". . . the director or any other party aggrieved . . . may secure judicial review [of the Commission's order] by commencing an action in the circuit court . . . of the county of claimant's residence or, in respect to those matters . . . involving a claimant who is not a resident of this state, *the circuit court of Cole County* . . . .." (Our emphasis).

This statute has repeatedly been held to provide a complete and exclusive procedure which must be complied with before a court can acquire jurisdiction of an action to review an order of the Commission in employment security cases. *Springfield Gen. Osteo. Hosp. v. Indus. Com.*, 538 S.W.2d 364, 371 (Mo.App.1976); *Hansen v. Division of Employment Security*, 520 S.W.2d 150, 152[4] (Mo.App.1975); *Duzer v. Industrial Commission*, 402 S.W.2d 616, 618[1][2] (Mo.App.1966). In short, § 288.210 is not merely a special venue statute; it is jurisdictional. *Hansen v. Division of Employment Security, supra*, 520 S.W.2d at

152[2–4]. We have the view that § 288.210 requires claims by nonresidents to be considered in Cole County in order to facilitate the processing of interstate claims as required by 26 U.S.C., § 3304(a)(9)(A) and (B),[2] but we decline to go into the history of the statute sua sponte, as we did in *Springfield Gen. Osteo. Hosp. v. Indus. Com., supra*, 538 S.W.2d at 369–370[3–5][6]. Inasmuch as the circuit court acquired no jurisdiction of the Knapp claim, we can acquire no jurisdiction except to determine that the court's order as to claimant Knapp is void, and as to her, the appeal is dismissed. See *Ross v. Conco Quarry, Inc.*, 543 S.W.2d 568, 571[1–4] (Mo.App.1976).

The Commission's adjunctive argument that the other nine claims were improperly joined in a single petition for review is without merit. In the first place, the Commission's own records show that all the claimants except claimant Knapp were residents of Greene County; § 288.210, RSMo (1969), required judicial review of an order of the Commission in the county of the claimant's residence; there is no question about the *jurisdiction* of the Circuit Court of Greene County; the only question presented is a procedural question. The precedents relied on by the Commission were considerably modified or perhaps overruled by our Supreme Court in *State ex rel. Farmers Insurance Co., Inc. v. Murphy*, 518 S.W.2d 655 (Mo.banc 1975). There, the precise question before the court was whether claims sounding in tort could be joined with claims arising ex contractu in a single action, but the court undertook, in the course of its opinion, to re–examine the scope of permissive joinder of claims and joinder of parties under Mo.R.Civ.P. 52.05(a). Observing that the Civil Rules proceed upon the theory that no inconvenience can result from the joinder of any two or more matters in the pleadings, but only from trying two or more matters together which have little or nothing in common, and that the liberal policy regarding joinder of claims in the pleadings should extend to cases in

2. Or its predecessor.

which multiple parties are involved, the court concluded that ". . . the philosophy of permissive joinder . . . is to promote judicial economy, expedite final disposition of litigation and prevent inconsistent results due to multiple separate lawsuits. . . ." *State ex rel. Farmers Insurance Co., Inc. v. Murphy, supra,* 518 S.W.2d at 662.

■ Pursuing the matter in context, could it be said that it was inconvenient, unwise or unfair to the appellants to request review of all the contested orders in a single proceeding? We think not. The scope of judicial review in employment security cases was defined and limited by that part of § 288.210, RSMo (1969), which read as follows:

". . . In any judicial proceeding under this section, the findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. *Such actions . . . shall be heard in a summary manner* and . . the court shall enter an order either affirming the decision of the commission or remanding the cause to the commission for further proceedings not inconsistent with the declarations of law made by the court. . . ." (Our emphasis).

It is obvious that this part of the statute was enacted to implement Article V, § 22 of the original Constitution of 1945. *Hansen v. Division of Employment Security, supra,* 520 S.W.2d at 152. Except in unusual cases, the reviewing court's only function is to determine whether the Commission's findings are supported by competent and substantial evidence upon the whole record. *Dubinsky Brothers, Inc. v. Industrial Com'n of Mo.,* 373 S.W.2d 9, 16 (Mo.banc 1963); *Globe–Democrat Publishing Co. v. Industrial Com'n,* 361 S.W.2d 325, 328[5] (Mo.App. 1962). A circuit court can discharge its ordinary function by examining the several administrative transcripts at its convenience. There is no new evidence to be heard; there is little or no likelihood of confusion of issues, and in our view no reason to require a circuit court to review each of the Commission's orders in a separate action.

There is even less basis for the Commission's objection to the joinder of parties. The word "transaction," as used in Mo.R. Civ.P. 52.05(a) may comprehend a series of occurrences, depending not so much upon the immediacy of their connection as upon their logical relationship. *State ex rel. Farmers Insurance Co., Inc. v. Murphy, supra,* 518 S.W.2d at 659; *Cantrell v. City of Caruthersville,* 359 Mo. 282, 288, 221 S.W.2d 471, 474 (1949). The claims which the respondents contested were filed over a period of about 7 months. In each case, the appeals tribunal based its decision at least in part upon the conclusion that the employer had failed to present evidence sufficient to convince the tribunal that the determination appealed from was in error. In each case, upon application for review, the respondents argued that the appeals tribunal's construction of 8 C.S.R. 10–5.010(8) shifted the burden of proof, and suggested to the Commission that they were in some manner deprived of procedural due process. Review of each administrative appellate decision was refused, and in each case one member of the Commission dissented. There was thus a logical connection between all the claims, addressed to a question of law, and it can fairly be said in this particular case that there was a single transaction or, perhaps, a series of transactions involving a common question of law. There was no misjoinder of parties.

On the merits, both parties have briefed a number of points directed to the trial court's findings. Essentially, the trial court found that none of the decisions of the Commission were supported by competent and substantial evidence upon the whole record because there was no evidence in any administrative transcript to indicate the particular claimant was able to work, available for work and was actively and earnestly seeking work as required by § 288.-040(1)(2), RSMo (1969) and RSMo (Supp. 1975). In this court, the Commission as-

serts: 1) the orders are supported by competent and substantial evidence upon the whole record; 2) the administrative transcripts contain no evidence whatever to show the orders of the Commission are in error; 3) a party appealing a deputy's determination "has an obligation to go forward with some evidence as to why said party believes the determination is in error," and 4) the fact that the claimants did not appear before the appeals tribunal does not show that they were unavailable for work. The respondents have answered the Commission's points as presented. On oral argument, the parties focused their attention upon the appeal procedure[3] prescribed by 8 C.S.R. 10–5.010(8) which reads in part:

"... Unless the appeals tribunal determines otherwise, the appellant shall first present evidence or argument or both to show that the determination appealed from is in error. ..."

■ The respondents complain that in each case they were denied procedural due process because the appeals tribunal did not compel the claimants to appear, testify under oath and subject themselves to cross-examination. The difficulty with respondents' argument is that this is an "entitlements" case, to which traditional notions of procedural due process do not apply. *California Dept. of Human Resources v. Java*, 402 U.S. 121, 133–134, 91 S.Ct. 1347, 1355, 28 L.Ed.2d 666, 674–675 (1971). The pattern of the controlling precedents is so erratic that it is difficult to ascertain what order of administrative appeal hearing satisfies the specific dictates of procedural due process when the right to government benefits–"legitimate claims of entitlement"–is in issue.[4] In any event, the respondents are scarcely in a position to say they were denied the "reasonable opportunity for [a] fair hearing" prescribed by § 288.190(3) without attempting to avail themselves of the subpoena power vested in the appeals tribunal by § 288.230(1), RSMo (Supp.1969), and 8 C.S.R. 10–5.010(10). Assuming the competency of this court to "apply" known constitutional standards to administrative rules, we decline to pursue the matter further.

Neither shall we pursue the respondents' contention that 8 C.S.R. 10–5.010(8) "shifts the burden of proof" or their further contention that in promulgating the rule, the Commission and the Division exceeded their powers. We are in doubt that on appeal, the respondents are entitled to a hearing which is the equivalent of a trial, and certainly the statement that a claimant "has the burden of proof" to establish his eligibility does not carry with it any requirement that a claimant satisfy that burden in any particular manner. It is not necessary to decide whether in application, the appeals tribunal in effect shifted the burden of proof in any particular proceeding under review, and we decline to do so.

■ What we do undertake is to review the orders individually. The scope and manner of review are not governed by Mo. R.Civ.P. 100 because § 288.210, RSMo (1978), provides an all inclusive procedure. *State ex rel. State Tax Commission v. Luten*, 459 S.W.2d 375, 377[2] (Mo.banc 1970); *Duzer v. Industrial Commission, supra*, 402 S.W.2d at 618[2]. By refusing to review the Division's finding, the Commission made the Division's determination its own, § 288.200(1), RSMo (1978); *Crawford v. Industrial Commission*, 482 S.W.2d 739, 741 (Mo.App.1972); *LaPlante v. Industrial Commission*, 367 S.W.2d 24, 27 (Mo.App. 1963), but it is the order of the Commission, not the finding of the trial court, which we review. *Whilhite v. Hurd*, 411 S.W.2d 72, 76[1] (Mo.1967); *Ingram v. Civil Service Commission*, 584 S.W.2d 633, 634 (Mo.App.

---

**3.** This is the so-called "first appeal" or "eligibility appeal" subject to the promptness requirements of 20 C.F.R. 650.1(b).

**4.** The earlier entitlements cases made it appear that procedural due process was simply a function of Congressional intent, as perceived by the federal courts and administrative agencies. See, e.g., *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); The Supreme Court, 1973 Term, 88 Harv.L.Rev. 43, 85–90 (1974). More recently a "balance of interests" doctrine, reminiscent of equal protection cases, has emerged. See Note, *Mathews v. Eldridge* Reviewed: A Fair Test on Balance, 67 Geo.L.J. 1407 (1979).

1979); *Bussmann Mfg. Co. v. Industrial Com'n of Missouri*, 327 S.W.2d 487, 492[7] (Mo.App.1959). We examine each order to determine whether it is supported by competent and substantial evidence upon the whole record and is authorized by law. The "competent and substantial evidence" standard is nebulous, but it does require that the administrative transcript incorporate *all* the evidence upon which the Commission's finding was based, and the record must show the fact or circumstance upon which the Commission relied in reaching its conclusion. *Koplar v. State Tax Commission*, 321 S.W.2d 686, 695[7][8] (Mo.1959). As the respondents contend, a claimant has the burden to prove his eligibility, *Producers Produce Co. v. Industrial Commission*, 365 Mo. 996, 1007, 291 S.W.2d 166, 173 (banc 1956); *Lester E. Cox Med. Ctr. v. Labor & Indus. Rel., Etc.*, 593 S.W.2d 610, 612[1] (Mo.App.1980), and so, even though the Division was entitled to consider its own records as evidence, § 288.190(2), RSMo (Supp. 1975), no presumption of correctness can be drawn from a bare conclusion unsupported by any record proof.

■ In the Commission's case No. LC 3686–76, a deputy determined on August 10, 1976, that one Jack Landers, a former employee of respondent Cox Medical Center was eligible for benefits for the period beginning July 11, 1976. The employer protested the finding on the basis that there was no evidence the claimant was available for work as required by § 288.040(2), RSMo (1969). The appeals tribunal affirmed the deputy's finding of eligibility. The only semblance of a basis for the Commission's order is the deputy's conclusional statement that "The claimant has been able and available for work and has been actively seeking work." The record does not indicate what representation, document, correspondence or other probative fact or circumstance was relied on, successively, by the deputy, the appeals tribunal and the Commission to determine that Landers was eligible for benefits. The order in No. LC–3686–76 is not supported by competent and substantial evidence on the whole record.

The Commission's Order Nos. LC–3751–76 and LC–4213–76, appear, from the administrative transcript, to reflect two processings of the same claim for benefits. Both orders concern one Dorothy Hinkley, a former employee of respondent Cox Medical Center. The employee's initial claim for benefits was made on January 30, 1976. The claimant was initially held ineligible for benefits. On July 22, 1976, one deputy ruled the claimant was eligible beginning July 11, 1976. On August 17, 1976, another deputy ruled the claimant was eligible beginning July 25, 1976. The employer protested both determinations on the ground there was no proof the claimant was available for work and was actively seeking work. The Commission's Order in No. LC–3751–76 is based on a deputy's determination that ". . . the claimant has established that she is available for and actively seeking work." The Commission's Order in No. LC 4213 76 is based on a deputy's determination that "The claimant is eligible for benefits because she has been able and available for work and actively seeking work as required by law." Whether or not both orders dispose of one claim, neither is supported by any documentation or evidentiary item. The orders are not supported by competent and substantial evidence upon the whole record.

The Commission's Order No. LC–4216–76 concerns one Rex Baston, a former employee of respondent Lester E. Cox Medical Center. The initial claim for benefits was filed, or at least "taken" on March 13, 1976. A deputy made a determination of eligibility on August 12, 1976, and supported the determination with the statement "The claimant is eligible because he has been able and available for work and actively seeking work." The order has the same deficiency as the other two orders discussed.

The Commission's Order No. LC–3514–76 deals with a claim filed by Sharon Taylor, a former employee of respondent Lester E. Cox Medical Center. The initial claim was filed, or again, "taken" on January 27, 1976. On July 1, 1976, a deputy determined that the claimant became eligible for benefits on

April 25, 1976, "because she is actively and earnestly seeking work and is . . . available for work." The basis for this finding does not appear, and in consequence the order is not supported by competent and substantial evidence on the whole record.

The Commission's Order No. LC–3754–76 concerns a claim for benefits filed by one Barbara Davis. The claimant had been employed by respondent Cox Medical Center. The initial claim was filed June 11, 1976. A deputy determined the claimant was initially disqualified because she voluntarily quit, but found the claimant eligible beginning July 11, 1976. Respondent appealed on the ground there was no proof the respondent was actively and earnestly seeking work. The appeals tribunal affirmed this determination. Here again, the award rests on the bare conclusional statement that "The claimant is actively and earnestly seeking work. She is able to work and has not refused any offer of work." Order No. LC–3754–76 is not supported by competent and substantial evidence, and is reversed.

The Commission's Order No. LC–4214–76 disposes of an initial claim made by one Samuel Parker on August 1, 1976. Parker had made an earlier claim for benefits after leaving respondent Cox's employ either on April 23 or May 8, 1975. When the first claim was filed, a deputy determined that Parker was ineligible because he left work voluntarily without good cause attributable to his work or his employment. More than a year later, Parker filed another claim for benefits after leaving the employ of Empire Foods, Inc. The copy of this claim included in the administrative transcript is almost illegible, but the record is sufficient to show that the claim made effective August 1, 1976, was not a renewed claim nor a redetermination within the meaning of § 288.-070(1), RSMo (Supp.1975). Respondent Cox was entitled to notice of the deputy's determination, dated September 10, 1976, that Parker was eligible for benefits beginning August 1, 1976, under the provisions of § 288.070(1), RSMo (Supp.1975), only because respondent was a "base period employee" as defined in § 288.030(2), RSMo

(Supp.1975). The respondent protested, thereby becoming an "interested party" within the meaning of § 288.070(1), RSMo (Supp.1975), and became entitled to appeal to the appeals tribunal and to petition the Commission for review.

■ Nevertheless, § 288.050(3), RSMo (Supp.1975), which was in effect when Parker's eligibility was determined, read:

"Notwithstanding the provisions of subsections 1 and 2, no claimant shall be disqualified for any week which begins more than one year after the day on which an otherwise disqualifying act occurred; *providing, however, no benefits based on wages paid prior to the date of any such disqualifying act shall be chargeable to any employer who is required to pay contributions and who was directly involved in the otherwise disqualifying act.*" (Our emphasis).

At the appeals hearing on this claim, respondent Cox's representative admitted that more than one year had elapsed since Parker voluntarily quit–the "disqualifying act." Because respondent Cox was "directly involved in the . . . disqualifying act" no benefits could be charged against Cox under the italicized provisions of § 288.050(3). Respondent Cox was not, therefore, "aggrieved" by this order and was not entitled to review under § 288.210 RSMo (1969). Accordingly, the appeal from Commission's Order No. LC–4214–76 is dismissed.

■ The Commission's Order No. LC–2214–76 involves a claim for benefits made by Warren L. Batson. Batson filed a claim April 1, 1976; a deputy determined that Batson was eligible because he was working part–time and earning less than $10 over his weekly benefit amount. It is true that under § 288.030(23)(b), RSMo (Supp.1975), an individual was deemed "partially unemployed" and entitled to benefits if "the wages payable to him . . . [did] not equal or exceed his weekly benefit amount plus ten dollars." Section 288.038 defined "weekly benefit amount" to mean five percent of the total wages paid to an eligible

insured worker during that quarter of his base period in which his wages were highest, but not to exceed $85. The records from which the benefit amount was computed do not appear in the administrative transcript and it affirmatively appears that Batson had worked for a period less than his "base period" on March 28, 1976, when his eligibility commenced. This order is not supported by competent and substantial evidence on the whole record, and accordingly Commission's Order No. LC–2214–76 is reversed.

Order No. LC–4201–76 concerns a claim for benefits filed by Mary J. Chowning, a former employee of Springfield General. This claim was filed August 12, 1976. The respondent protested on the ground, among others, that the claimant was discharged for misconduct. Nevertheless, a deputy found claimant eligible for benefits beginning August 29, 1976. The appeals tribunal found that the claimant was indeed discharged for misconduct and assessed a disqualification of three weeks pursuant to § 288.050(2), RSMo (Supp.1975). Otherwise, the claimant was held eligible over the respondent's protest that she was not actually and earnestly seeking work. Again, the administrative transcript is devoid of any evidence upon which such a judgment could be based, and Order No. LC–4201–76 must be reversed.

■ The Commission's Order No. LC–4250–76 deals with a claim for benefits filed by one Vida M. Smith, a former employee of respondent Springfield General Osteopathic Hospital. The claim was made, or "taken" August 10, 1976. A deputy found the claimant initially disqualified under § 288.050(1)(1) because the claimant had left her work voluntarily without good cause, but found, on September 2, 1976, that the claimant was eligible beginning August 8, 1976, because claimant had earned wages equal to ten times her weekly benefit amount as provided by § 288.050(1) and was actively seeking work as required by § 288.040(1), (2), RSMo (Supp.1975). The basis for reaching such conclusions does not appear in the administrative transcript; the award is not supported by competent and substantial evidence upon the whole record, and Order No. LC–4250–76 must be reversed.

■ Finally, the Commission urges that the trial court's order purporting to exempt each respondent from any contribution assessed on account of any of the orders appealed from is void. We must be somewhat repetitive to dispose of this point. Since Warnecke v. State Tax Commission, 340 S.W.2d 615, 618–619 (Mo.1960), was decided, our courts have repeatedly held that when a legislative body creates an administrative agency, and gives it a legal entity, it may also designate which courts may initially review the agency's decisions. State ex rel. State Tax Commission v. Luten, supra, 459 S.W.2d at 376[1]. In light of the history of § 288.210, RSMo (1978), it is apparent that the General Assembly meant for all appeals from decisions involving contributions to be heard in Cole County. Springfield Gen. Osteo. Hosp. v. Indus. Com., supra, 538 S.W.2d at 370–371[7][8, 9]. As we have said, our review supersedes that of the trial court, but the Circuit Court of Greene County had no jurisdiction to order reassessment and to that extent its order is void.

To sum up, the trial court was without jurisdiction of the Commission's Order No. LC–3816–76, concerning Barbara S. Knapp, and that appeal is dismissed. Respondent Cox Medical Center was not aggrieved by Commission's Order No. LC–4214–76 concerning Samuel Parker, and that appeal is dismissed. All other orders appealed from are reversed, and those orders are remanded to the Labor and Industrial Relations Commission pursuant to § 288.210, RSMo (1978), with directions to enter an order accordingly in each case.

All concur.