**MALLARD POINT RESORT, INC., Petitioner-Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI, Missouri Division of Employment Security of the State of Missouri, and R. Bruce Thomson and Barbara Thomson, Defendants-Respondents.**

No. 13174.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 27, 1983.

James W. Riner, Inglish & Riner, Jefferson City, for petitioner-appellant.

Larry R. Ruhmann, Rick V. Morris, Jefferson City, for defendant-respondent Missouri Division of Employment Security.

Alan J. Downs, Jefferson City, for defendant-respondent Labor and Industrial Relations Commission of Missouri.

No appearance for defendants-respondents R. Bruce Thomson and Barbara Thomson.

PREWITT, Judge.

Appellant appeals from the dismissal of its petition for judicial review filed in the Circuit Court of Camden County under § 288.210, RSMo 1978. The trial court determined that it was "without jurisdiction over the subject matter and persons be-

cause this case does not involve a claim for unemployment benefits and that jurisdiction for this action lies exclusively with the circuit court of Cole County."

Appellant is a Missouri corporation which operates a 19-unit resort in Camden County near the Lake of the Ozarks. The resort is closed to the public from November through March of each year. Respondents Thomson are officers, shareholders, and employees of appellant. During the time the resort is closed the Thomsons do not receive a salary from appellant but do receive lodging which includes utilities from it. Apparently they have applied for and received unemployment benefits while the resort is closed.

The Appeals Tribunal of the Division of Employment Security affirmed a deputy's determination that the furnishing of lodging constituted "wages" in "employment" by appellant within the meaning of those terms as defined by §§ 288.034 and 288.036, RSMo 1969, apparently subjecting appellant to liability for payments under Chapter 288, RSMo 1969, during the period the resort is closed to the public. No claim for benefits was determined in that decision. Appellant filed an application for review with the Labor and Industrial Commission which "affirmed in all respects and adopted as the decision of the Commission" the decision of the Appeals Tribunal. Appellant then filed a petition for judicial review in the Circuit Court of Camden County. The Thomsons were named as respondents by appellant in its petition based upon the portion of § 288.210 that provides that when judicial review is sought "any other party to or having been notified of the proceeding before the commission shall be made a defendant."

Respondents Labor and Industrial Commission and Division of Employment Security moved the circuit court to dismiss the petition because exclusive jurisdiction was in the Circuit Court of Cole County. They contended that this was a matter "not involving a claimant" under § 288.210, RSMo

1978, as interpreted in *Gaslight Real Estate Corporation v. Labor and Industrial Relations Commission,* 604 S.W.2d 818 (Mo.App. 1980), *Springfield General Osteopathic Hospital v. Industrial Commission of Missouri,* 538 S.W.2d 364 (Mo.App.1976), and *Hansen v. Division of Employment Security,* 520 S.W.2d 150 (Mo.App.1975). Those cases held that except for decisions involving a claim by a claimant for benefits, judicial review under § 288.210 may only be sought in Cole County.

Appellant contends that exclusive jurisdiction did not lie in Cole County and was vested in Camden County because this matter does involve such a claim. Appellant cites as authority for its position § 288.210, and the three decisions mentioned above. It attempts to distinguish these cases because they did not deal with issues concerning a claimant's eligibility to receive benefits and this decision affects the Thomsons' eligibility. We determine, however, that those cases are controlling.

The decision appealed from only involved appellant's liability for payments under Chapter 288. Whether the rationale of that decision, if applied to the Thomsons' claims, might affect them, does not change the result as those claims were not a part of the decision appealed from. Exclusive jurisdiction under § 288.210 is in Cole County in "matters not involving a claim for benefits." *Springfield General Osteopathic Hospital v. Industrial Commission of Missouri,* supra, 538 S.W.2d at 370. No such claim is in issue here.

The judgment of dismissal is affirmed.

MAUS, P.J., and HOGAN, J., concur.