MAGDALA FOUNDATION,
Plaintiff-Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION, DIVISION OF EMPLOYMENT SECURITY, and Theresa Robinson, Defendants-Respondents.

No. 48566.

Missouri Court of Appeals,
Eastern District,
Division One.

May 7, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1985.

Application to Transfer Denied
Aug. 7, 1985.

Frank J. Niesen, Jr., St. Louis, for plaintiff-appellant.

Susan Haag and Rick V. Morris, Catherine J. Barrie, Jefferson City, Joseph Wollenberger, St. Louis, for defendants-respondents.

PUDLOWSKI, Presiding Judge.

This is an appeal from the circuit court's order dismissing appellant's petition seeking review of a decision of the Missouri Industrial Relations Commission for lack of jurisdiction. We reverse and remand.

Respondent, Theresa Robinson was employed by appellant, Magdala Foundation in 1981 and 1982. She took a leave of absence beginning June 10, 1982 through July 15, 1982, while an investigation of alleged improprieties of her immediate supervisor was conducted. Respondent declined to return to work on July 16, 1982, because she was assigned to work for the supervisor in question.

Respondent subsequently filed a claim for unemployment compensation benefits with the Division of Employment Security of the State of Missouri. At the time time respondent filed for benefits she was a resident of the City of St. Louis.

Initially respondent was found eligible for benefits by a deputy of the Division of Employment Security and Magdala Foundation appealed that decision. Hearings were thereafter held at which testimony was presented. Respondent testified that she was a resident of the City of St. Louis.

The Appeals Tribunal of the Division of Employment Security reversed the decision of the deputy and disqualified respondent from eligibility for immediate benefits. Respondent appealed that decision to the Labor and Industrial Relations Commission.

The Commission on November 12, 1982, sent notice to all interested parties that it had received respondent's application for review; said notice indicated that respondent was a resident of the City of St. Louis. On April 25, 1983, the Commission reversed the decision of the Appeals Tribunal and found that respondent was eligible to receive unemployment compensation benefits.

On or about May 13, 1983, Magdala Foundation timely filed a petition with the Circuit Court of the City of St. Louis seeking review of the decision of the Commission. Service of Process upon respondent was effected, pursuant to Section 288.210 RSMo (1978), by serving the Commission.

On June 17, 1983 the Commission and the Missouri Division of Employment Security entered their special appearance in the case and filed a motion to dismiss appellant's petition for improper jurisdiction claiming that exclusive jurisdiction to review the decision of the Commission lay with the Circuit Court of Cole County.

On March 9, 1984, respondent submitted an affidavit to the trial court in which she declared that she was a resident of the State of Colorado on the date Magdala Foundation filed its petition in the Circuit Court of the City of St. Louis. On April 9, 1984, the circuit court sustained respondent's motion to dismiss. This appeal follows.

Appellant comes before this court requesting reinstatement of its petition for review of the decision of the Labor and Industrial Relations Commission with respect to the eligibility of respondent to receive unemployment compensation benefits. The respective merits of the positions of the parties are not before this court in this appeal. The only issue at hand is the jurisdiction of the Circuit Court of the City of St. Louis to entertain appellant's petition.

Section 288.210 RSMo (1978) governs judicial review of employment security cases. It states in relevant part:

Within ten days after a decision of the commission has become final, the director or any other party aggrieved thereby may secure the judicial review thereof by commencing an action in the circuit court of the county of claimant's residence or in respect to those matters not involving a claimant or involving a claimant who is not a resident of this state, the circuit court of Cole County....

Appellant argues that Section 288.210 should be interpreted as permitting an aggrieved employer to bring an action for review in the circuit court of the county in which the former employee resided when the claimant-employee filed her original claim for benefits. To hold otherwise, appellants allege would deprive employers of their right to judicial review of administrative decisions, especially if the claimant departed from the boundaries of the state without giving notice.

■ This court recognizes that an aggrieved party has only ten days to appeal a decision of the Labor and Industrial Relations Commission and this time constraint may create some problems for the employer in its determination of the proper court in which to seek judicial relief, especially if prior to and during pendency of the claim the claimant maintains that her address is in the circuit where the original claim was filed. We further recognize that compliance with mandatory provisions of the stat-

ute as to filing, form, and contents of a notice of appeal are condition precedent to jurisdiction. *Lester E. Cox Medical Center v. Labor and Industrial Relations Commission,* 606 S.W.2d 427, 430 (Mo.App. 1980).

■ This issue of whether residency is determined at the time the claimant filed her original claim for benefits or at the time an appeal is filed in the circuit court is of first impression and while there is no authority, we hold that a fair and reasonable interpretation of the legislation is that the residence of a claimant is determined for circuit court jurisdiction at the time the aggrieved party files its original claim.

■ To hold otherwise would be unfair and cause harsh consequences as is evident in this case by interpreting Section 288.210 to deny an aggrieved employer the right to bring an action to review the holding of the Labor and Industrial Relations Commission. Article V, § 18 of the Constitution of Missouri not only guarantees the right to judicial review of administrative decisions, but also authorizes the legislature to provide a method of review. *Gaslight Real Estate Corporation v. Labor and Industrial Relations Commission,* 604 S.W.2d 818 (Mo.App.1980). The legislature responded to its constitutional authority by enacting Section 288.210. It was the intent of the legislature to provide judicial review. It was not the intent of the legislature to deny judicial review to an employer who relies in good faith on the evidence before it.[1]

We conclude that the circuit court of the City of St. Louis had jurisdiction to entertain appellant's petition.

Judgment reversed and remanded.

CARL R. GAERTNER and KAROHL, JJ., concur.

1. Our legislature may wish to review the comparable Texas statute, *"Texas* Employment Security Law," Article 5221b–4(i) which provides among other requirements that the claim may be filed "in the county of claimant's last residence."