PRIORITY DISPATCH DELIVERY, INC., William P. Knepper, and Judy C. Knepper, Appellants,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI and Division of Employment Security of Missouri, Respondents.

No. 51605.

Missouri Court of Appeals, Eastern District, Division One.

March 10, 1987.

David L. Pentland, St. Louis, for appellants.

Larry R. Ruhmann, St. Louis, Sandy Bowers, Jefferson City, for Div. of Employment Sec. of Mo.

Catherine J. Barrie, Jefferson City, for Labor and Indus. Relations Com'n of Mo.

CRIST, Judge.

Appellants (employer) filed a petition, in the Circuit Court of St. Louis County, Missouri, against the Labor and Industrial Relations Commission and the Division of Employment Security (Commission) seeking judicial review of the Commission order finding employer liable for employment taxes. The trial court, on motion of Commission, dismissed the petition on the ground it challenged an administrative determination of employer's liability under the Missouri Employment Security Law, and as such, exclusive jurisdiction was in the Circuit Court of Cole County, Missouri. § 288.210, RSMo 1986; and *Mallard Point Resort, Inc. v. Labor & Indus. Relations Comm'n of Mo.*, 662 S.W.2d 914 (Mo.App.1983). We affirm.

Employer admits jurisdiction lies in Cole County, Missouri; but asserts by reason of Art. V, § 11, Const. of Missouri, the Circuit Court of St. Louis County had a duty to transfer the case to Cole County, Missouri. Article V, § 11 in its entirety provides:

*Want of jurisdiction, effect-transfers.* In all proceedings reviewable on appeal by the supreme court or the court of appeals, appeals shall go directly to the court or district having jurisdiction, but want of jurisdiction shall not be ground for dismissal, and the proceeding shall be transferred to the appellate court having jurisdiction. An original action filed in a court lacking jurisdiction or venue shall be transferred to the appropriate court.

Employer, in its brief, advances two theories to support its assertion that the trial court should have transferred the case to Cole County instead of dismissing it. The first argument, based on the first sentence of § 11, is that the circuit court "reviewing an administrative action.... was sitting as an appeals court." The other argument is that the second sentence of § 11 directs the circuit courts as well as the appellate courts to transfer a case if the court is without jurisdiction or venue to hear it.

█ A plain reading of the first sentence leaves little doubt that it applies only to appeals to be heard by the court of appeals or by the supreme court. A review of an administrative action in the circuit court is not a proceeding being appealed to the supreme court or court of appeals.

█ The issue raised by employer's second argument has just been ruled on by our supreme court. "An action for judicial review of an administrative decision which is filed in a circuit court in the wrong venue [cannot] be transferred by that court to the circuit court in the proper venue." *Collins & Associates Dietary Consultants, Inc. v. The Labor & Indust. Relations Comm'n,* 724 S.W.2d 243 (Mo. banc 1987).

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.