**Mike EATON, Petitioner–Appellant,**

v.

**LABOR & INDUSTRIAL RELATIONS DIVISION OF EMPLOYMENT SECURITY, & Dobbs International Services, Inc., Respondents–Respondents.**

No. 54514.

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 1988.

David Wayne Suddarth, Troy, for petitioner-appellant.

Larry Raymond Ruhmann, Government Counsel Div. Employment Sec., St. Louis, James B. Crenshaw, Government Counsel, Jefferson City, for respondents-respondents.

PER CURIAM.

Petitioner, Mike Eaton, appeals from an order of the Circuit Court of Lincoln County, Missouri, dismissing for lack of subject matter jurisdiction, his petition for review of the denial of his claim for unemployment benefits by the Labor and Industrial Relations Commission. We affirm.

At the time petitioner filed his claim for unemployment benefits, he was a resident of St. Louis County, Missouri. At the time he filed his petition for review in the Circuit Court of Lincoln County, he was a resident of Lincoln County.

Section 288.210, RSMo (1986) governs judicial review of unemployment security cases. Section 288.210 provides in pertinent part:

> Within ten days after a decision of the commission has become final, the director or any other party aggrieved

thereby may secure judicial review thereof by commencing an action in the circuit court of the county of claimant's residence or, in respect to those matters not involving a claimant or involving a claimant who is not a resident of this state, the Circuit Court of Cole County....

This court specifically held that a fair and reasonable interpretation of the legislation is that the residence of a claimant is determined for circuit court jurisdiction at the time the aggrieved party files its original claim. *Magdala Foundation v. Labor & Industrial Relations*, 693 S.W.2d 193, 195 (Mo.App.1985).

In *Magdala*, the employer brought the petition for review. In the case, *sub judice*, the claimant brought the petition for review. Petitioner seeks to distinguish *Magdala*, arguing that a different rule should apply where the claimant brings the petition for review. We disagree. *Magdala* provides clear judicial precedent to alleviate any confusion concerning jurisdiction. *Magdala* provides a rule that is fair to all parties. We see no reason to engraft ambiguity on that rule. Petitioner's point is denied.

The order of the circuit court is affirmed.

All concur.