Lois A. ANGELO,
Petitioner–Respondent,

v.

LABOR AND INDUSTRIAL RELATIONS
COMMISSION and Division of Employment Security, Respondents–Appellants.

No. 71089.

Supreme Court of Missouri,
En Banc.

March 14, 1989.

Susan P. Haag, Sandy Bowers, Missouri Division of Employment Security, James B. Crenshaw, Labor & Indus. Relations Com'n, Jefferson City, for respondents-appellants.

William J. Stewart, Bolivar, for petitioner-respondent.

COVINGTON, Judge.

The Labor and Industrial Relations Commission and Division of Employment Security denied Lois A. Angelo's claim for unemployment compensation benefits after which Ms. Angelo filed a petition for judicial review in the Circuit Court of Hickory County. The circuit court reversed the decision and granted Ms. Angelo the relief sought. The Commission appealed to the Missouri Court of Appeals, Southern District, contending that the Circuit Court of Hickory County was without subject matter jurisdiction to reverse the decision because Ms. Angelo resided in Newton County when she filed her initial claim for benefits; thus, any petition for judicial review should have been filed in the Circuit Court of Newton County. The court of appeals, Flanigan, J., dissenting, affirmed the trial court. On the certification of the dissenting judge, the court of appeals transferred the case to this Court. The judgment of the trial court is affirmed.

The sole issue before this Court is whether residency of the claimant, a resident of this state, is determined at the time the claimant files her initial claim for benefits or at the time she files a petition for judicial review in the circuit court.

Section 288.210, RSMo 1986, provides in relevant part:

Within ten days after a decision of the commission has become final, the director or any other party aggrieved thereby may secure judicial review thereof by commencing an action in the circuit court of the county of claimant's residence or, in respect to those matters not involving a claimant or involving a claimant who is not a resident of this state, the circuit court of Cole County,....

Reasoning that in certain situations an aggrieved employer could encounter difficulty in ascertaining or determining a claimant's residence, the Eastern District of the Court of Appeals has held that under § 288.210, a claimant's residence is determined for purposes of circuit court jurisdiction at the time of filing the original claim. *Magdala Found. v. Labor and Indus. Relations Comm'n,* 693 S.W.2d 193, 195 (Mo.

App.1985).[1] In *Eaton v. Labor and Indus. Relations Div. of Employment Sec.*, 753 S.W.2d 954, 955 (Mo.App.1988), the Eastern District applied the same ruling to judicial review sought by an employee.

While the statute does not directly provide the time at which the county of a claimant's residence should be determined, and, while the Eastern District holdings are not unreasonable, this Court finds that the language of § 288.210 compels a different holding than that of the Eastern District, particularly when read in the context of general principles which determine the time for placing venue.[2] "Residence" within statutes fixing venue means residence at the time of the institution of the suit. 92 C.J.S. *Venue* § 111, p. 815.

Section 288.210 sets forth the time within which a petition for judicial review may be filed. The circuit court in which judicial review is to occur should also be determined at the time of commencing the action. Accordingly, the Circuit Court of Hickory County had jurisdiction to consider Ms. Angelo's petition.

The holding of this case shall apply to all cases in which judicial review is commenced after the date of the publication of this opinion in the advance sheets of the Southwestern Reporter.

The judgment is affirmed.

All concur.

---

1. This opinion specifically does not address the situation in which a claimant moves to a county different from that in which he resided when he filed the initial claim for benefits, and the employer, as appellant, in the exercise of due diligence, is unable to discover the claimant's new address before the time for appeal expires.

2. It is well-established that where a statute places the authority for judicial review of an administrative decision in the circuit court of a particular county, a question of subject matter jurisdiction, rather than venue, is involved. *Collins and Associates Dietary Consultants, Inc. v. Labor and Industrial Relations Commission*, 724 S.W.2d 243, 244 (Mo. banc 1987). The issue of the time for fixing residency, however, generally arises in relation to a question concerning proper venue.