**KENDALL, Plaintiff-Appellant, v. ADMINISTRATOR AND BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION AND SHARON STEEL CORPORATION, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3841. Decided April 5, 1956.

Traxler & Beil, Youngstown, for plaintiff-appellant.
Manchester, Bennett, Powers & Ullman, Youngstown, for defendant-appellees, Sharon Steel Corporation.

## OPINION

By PHILLIPS, PJ.

The Administrator of the Board of Review of the Bureau of Unemployment Compensation denied plaintiff the right to receive unemployment compensation.

On appeal to the court of common pleas filed on December 29, 1954, that court held that plaintiff was entitled to such benefits, and reversed the finding and judgment of the Administrator and Board of Review of the Bureau of Unemployment Compensation.

On June 30, 1955, the trial judge sustained the motion of defendant, Sharon Steel Corporation, to vacate its judgment of reversal, to grant it leave to become party defendant, file an answer, and to brief and argue the appeal.

By answer defendant, Sharon Steel Corporation challenged the jurisdiction of the trial court to the appeal on the ground that plaintiff had not served it with notice of his appeal within thirty days of his receipt of the decision of the Board of Review, which motion the trial judge sustained and dismissed plaintiff's appeal solely on the ground stated in the motion.

By brief plaintiff inquires:—

"Is the failure to make a base period employer a party appellee and to mail said employer a copy of the notice of appeal within thirty days after receiving the decision of the Board of Review jurisdictional?

"May the failure to serve a copy of the notice of appeal on an appellee within thirty days after filing same be corrected subsequent to said thirty day period?"

As applicable §4141.28 R. C., provides:—

"* * * Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas, with the board, and upon all appellees by registered mail to their last known post-office address. Such notice of appeal shall set forth the decision appealed from and the errors therein complained of. Proof of the filing of such notice with the board shall be filed with the clerk. All other interested parties before the board or the referee shall be made appellees."

In **Joy Manufacturing Co. v. Albaugh, 159 Oh St 460** at 463, cited by the trial judge, the court said in quoting from **Zier v. Bureau of Unemployment Compensation, 151 Oh St 123**:—

"'* * * compliance with the requirements as to the filing of the notice of appeal—the time of filing, the place of filing and the content of the notice as specified in the statute—are all conditions precedent to jurisdiction.'

"'* * * The view expressed in the Zier case is consistent with the following provision of §12223-4 GC, relating to appellate procedure generally:

"'The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission. * * * After being duly perfected, * * * no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional.'"

The trial judge said in his unusually well written opinion, which this opinion is intended to fortify and for which reason it is solely written:—

"The latest pronouncement of our Supreme Court on the statutory right of appeal is in **Valves, Inc. v. Peck, 161 Oh St** at **page 581** where it cites with approval: 'Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred. "The party who seeks to exercise this right, must comply with whatever terms the statutes of the state impose upon him as conditions to its enjoyment." ' "

This court holds as the trial judge held:—

"* * * that since the amendment to §4141.28 **R. C.**, which governs this proceeding, the failure to file notice of appeal on all appellees made so by the statutory amendment is a failure to perfect the appeal, is a noncompliance with a mandatory provision of the appeal statute, and that this court, therefore, has no jurisdiction to hear the same."

Since the parties could not confer jurisdiction upon the court of common pleas by consent we find no merit to plaintiff's claim that since defendant steel company was made a party on its motion and filed an answer that thereby jurisdiction was conferred on the trial court. See **O. Jur., Volume 2, Page 702, Section 62.**

The judgment of the court of common pleas is affirmed.

NICHOLS and GRIFFITH, JJ, concur in judgment.