Jacqueline M. DUZER, also known as Jackie M. Duzer, Plaintiff-Appellant,

v.

INDUSTRIAL COMMISSION of Missouri, S. N. Crowe, George W. Wise and Charles E. Cates, and Division of Employment Security, Defendants-Respondents.

No. 32269.

St. Louis Court of Appeals.

Missouri.

April 19, 1966.

Gerald Cohen, St. Louis, for plaintiff-appellant.

Lloyd G. Poole, Jefferson City, for defendant-respondent Industrial Commission.

Gordon P. Weir, George Schwartz, Jefferson City, for defendant-respondent Div. of Employment Security.

ANDERSON, Judge.

In this action plaintiff, Jacqueline M. Duzer, sought a judicial review in the Circuit Court of a decision of the Industrial Commission of Missouri which was adverse to her. The cause was dismissed by the trial court for lack of jurisdiction. Plaintiff has appealed.

The petition for review was filed April 20, 1963. Named as defendants in said suit at that time were the Industrial Com-

mission of Missouri, S. N. Crowe, George W. Wise and Charles E. Cates. The three individuals named were the members of the Industrial Commission. The petition was in words and figures as follows:

"Comes now the plaintiff and for her cause of action herein states to the Court:—

"(1) That the individuals above named comprise the Industrial Commission of the State of Missouri.

"(2) That plaintiff duly appealed to said Commission a decision of a referee finding that she received unemployment benefits while ineligible therefor, being Appeal No. A 3270-62.

"(3) That said appeal was denied and the original finding affirmed on April 10, 1963 by defendants.

"(4) That said decision was manifestly against the law and the evidence presented heretofore.

"WHEREFORE, plaintiff prays that the Court enter its order finding that plaintiff was eligible for unemployment benefits during the time described in Industrial Appeal No. A 3270-62."

On October 16, 1963, by leave of Court, the petition was amended making the Division of Employment Security a party defendant to said cause. A summons was then ordered to issue to the Sheriff of Cole County for said defendant on said amended petition. To this amended petition, defendant, Industrial Commission, filed its separate answer on November 13, 1963.

On November 15, 1963, the Division of Employment Security filed its motion to dismiss. Said motion is in words and figures as follows:

"The Missouri Division of Employment Security, defendant herein, moves the court to dismiss plaintiff's cause of action for the reason that said plaintiff has not complied with Section 288.210,

Missouri Employment Security Law 1961, by failing to make the Division of Employment Security a party to said cause of action in taking her appeal.

"For the further reason that the court lacks jurisdiction since the Division of Employment Security, a legal entity, is a proper party defendant but was not so made when plaintiff filed her application for judicial review. That plaintiff filed its (sic) Petition for Judicial Review in this court on April 24, 1963, and that the Division of Employment Security was not made a party thereto until October 16, 1963. Therefore, the Division of Employment Security, a necessary party, was not made a party defendant within the ten-day statutory period of time as provided for in Section 288.210, Missouri Employment Security Law 1961.

"WHEREFORE, the defendant, Division of Employment Security moves the court to dismiss plaintiff's cause of action for the above reasons and to go hence with its costs."

Thereafter, on April 26, 1965, the Court sustained said motion to dismiss and entered its judgment of dismissal. This appeal followed.

Plaintiff contends that the Court erred in dismissing her action which was commenced within ten days after the decision of the Industrial Commission became final. Defendants contend that the action was not commenced in the manner prescribed by Section 288.210 RSMo 1959, V.A.M.S., and for that reason, the Court was without jurisdiction of the cause and properly sustained the motion to dismiss.

Section 288.210, supra, governs the procedure to be followed in securing a judicial review of a decision of the Industrial Commission. The material portion of said section provides:

"Within ten days after a decision of the commission has become final, the

director or any other party aggrieved thereby may secure judicial review thereof by commencing an action in the circuit court * * * of the county of claimant's residence * * * against the commission for the review of such decision in which action any other party to or having been notified of the proceeding before the commission shall be made a defendant. * * * The division shall be a necessary party to any judicial action involving any such decision and may be represented by any qualified attorney who may be employed or appointed by the director and designated by him for this purpose. * * *."

By Section 288.030 RSMo 1959, V.A. M.S., the term "Division" is defined as the division of employment security which administers this law. The same section of the statute defines the term "Director" as the administrative head of the division. In Parker v. Unemployment Compensation Commission, et al., 358 Mo. 365, 214 S.W. 2d 529, our Supreme Court held that the division was a legal entity with rights and powers of a public quasi corporation with capacity to sue and defend in the name of the division as a party to an action in Court.

■ The general rule which we deem applicable to the determination of the matter before us is stated in 81 C.J.S. Social Security and Public Welfare § 229, pp. 334–335, as follows:

"The procedure for obtaining judicial review of an administrative decision with respect to unemployment compensation is ordinarily governed by the unemployment compensation statutes and not by the common-law or other statutory rules of procedure * * *.

"As a general rule, the court does not acquire jurisdiction unless the steps prescribed by the statute have been followed, and compliance with mandatory provisions of the statute as to the filing, form, and contents of a notice of appeal

has been held to be a condition precedent to jurisdiction. * * *"

■ Section 288.210, supra, provides the procedure where a judicial review is sought of a decision of the Commission. It is complete and exclusive, and its terms must be complied with before a court can acquire jurisdiction of such a proceeding. By its terms, the Division of Employment Security is designated as a necessary party to such suit, and in our judgment the court does not acquire jurisdiction over the action unless suit is filed and all necessary parties are made defendants within the ten day period specified in the statute. While there are no Missouri authorities on the point, the appellate courts of other states have so held. See Lambeth v. Texas Unemployment Compensation Commission, (Tex.Civ. App.), 362 S.W.2d 205; Kendall v. Administrator and Board of Review, (Ohio App.), 145 N.E.2d 415; MacVeigh v. Division of Unemployment Compensation, et al., 19 Wash.2d 383, 142 P.2d 900; Cuny v. Annunzio, 411 Ill. 613, 104 N.E.2d 780; and Texas Employment Commission v. Daniel, (Tex.Civ.App), 241 S.W.2d 969.

The cases relied upon by plaintiff are not in point on the issue before us. Plaintiff's further contention that the statute should be construed as permitting a joinder of necessary parties after the ten day period, so long as the suit was filed against the Commission within the ten day period, is likewise without merit for the reason that there is no ambiguity in the statute which calls for construction.

■ In our opinion, the statute contains a plain, unambiguous and positive command which plaintiff failed to heed. For that reason, the jurisdiction of the Circuit Court did not attach. The trial court did not err in sustaining the motion to dismiss.

The judgment is affirmed.

WOLFE, P. J., and RUDDY, J., concur.