380 So.2d 1201 (1980)
FOOD FAIR STORES, INC., and Group Vii Services, Appellants/Cross-Appellees,
v.
Spencer M. HANCE, Appellee/Cross-Appellant.
No. QQ-174.
District Court of Appeal of Florida, First District.
March 14, 1980.
M. Wayne Myers, of Cowles, Coker & Myers, Jacksonville, for appellants/cross-appellees.
John E. Houser, Jacksonville, for appellee/cross-appellant.
SHIVERS, Judge.
This appeal is from the order adjudicating the merits of appellee's claim for benefits under the Florida Workmen's Compensation Law. The dispositive issue is whether the Judge of Industrial Claims erred in ruling on the merits of appellee's claim after an order had been entered in a bankruptcy proceeding restraining and enjoining the institution or continuation of any action, suit or proceeding of any nature or description against the appellant employer. We reverse, finding that the restraining order entered in the bankruptcy proceeding precluded the entry of the order being appealed.
The first hearing on the merits of appellee's workmen's compensation claim occurred September 29, 1978. On October 2, 1978, the employer filed for Chapter 11 reorganization in bankruptcy in the United States District Court, Southern District of New York. Also on October 2, 1978, the restraining order was entered in the bankruptcy *1202 proceeding. Counsel for the employer moved for a stay of the workmen's compensation proceeding. The Judge of Industrial Claims, following a hearing on the employer's motion for stay, entered an order on October 25, 1978, finding that while the claimant was enjoined and restrained from proceeding, the Judge of Industrial Claims was not restrained or enjoined from entering a final order. On December 12, 1978, the Judge of Industrial Claims heard arguments on the merits. On January 11, 1979, the Order on appeal was entered.
A bankruptcy court clearly has the authority to enjoin a state court proceeding. The Judge of Industrial Claims correctly recognized that the restraining order entered in the bankruptcy proceeding applied to the workmen's compensation proceeding, but reversibly erred in ruling that the restraining order did not prevent the hearing of final argument or the entry of the final order. The plain language of the restraining order enjoined the continuation of the workmen's compensation proceeding. The appellee is required to have the restraining order entered in the bankruptcy proceeding lifted before proceeding further on his claim for workmen's compensation benefits.
In light of our disposition of the foregoing issue, the remaining issues raised by appellants need not be determined.
The order appealed from is reversed and remanded for proceedings consistent herewith.
ERVIN and SHAW, JJ., concur.