**Gary PEREDOE, Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION of Missouri and Missouri Division of Employment Security, Respondents.**

**No. 13365.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 4, 1984.

H. Jack Hoke, Wood, Hudkins & Hoke, Springfield, for appellant.

Larry R. Ruhmann, Rick V. Morris, Jefferson City, for respondents.

CROW, Judge.

Gary Peredoe ("claimant") appeals from a judgment dismissing his petition for judicial review of an order of the Labor and Industrial Relations Commission ("Commission"). The Commission's order denied claimant's application for review of a decision of an appeals tribunal of the Division of Employment Security ("Division"). The appeals tribunal found claimant disqualified for benefits under chapter 288, RSMo 1978, as amended, the "Missouri Employment Security Law." § 288.010, RSMo 1978. In so ruling, the appeals tribunal

overturned a determination by a deputy, § 288.030(10), RSMo 1978, as amended by Laws 1979, p. 457, who had held that claimant was not disqualified. By reason of the Commission's denial of claimant's application for review, the decision of the appeals tribunal is deemed to be the decision of the Commission for the purpose of judicial review. § 288.200.1, RSMo 1978.

Judicial review of the Commission's decision is authorized by § 288.210, RSMo 1978, which provides, in pertinent part:

"Within ten days after a decision of the commission has become final, ... any ... party aggrieved thereby may secure judicial review thereof by commencing an action in the circuit court ... against the commission for the review of such decision *in which action any other party to or having been notified of the proceeding before the commission shall be made a defendant.*" (Emphasis added.)

Claimant's petition in the circuit court named as defendants the Commission, the three members of the Commission, and the Division.[1]

In due time, the Commission and the Division moved the circuit court to dismiss claimant's petition on the ground that the court was without jurisdiction over the subject matter and the parties because claimant had not named Management Security Systems, Inc. ("Management"), as a defendant within the time required by § 288.210.[2]

We glean from that motion, and from documents in the amended legal file, Rule 81.12(a),[3] that Management was claimant's employer at the time of the events whence the claim for benefits arose.

Specifically, it appears that claimant filed a claim with the Division for benefits beginning November 7, 1982. A deputy

---

1. Section 288.210, RSMo 1978, provides, in pertinent part: "The division shall be a necessary party to any judicial action involving any such decision...."

2. The Commission's order was mailed to the parties March 28, 1983, and became final ten days thereafter. § 288.200.2, RSMo 1978. Claimant's petition was filed in the circuit court April 14, 1983. The motion to dismiss was filed May 4, 1983.

3. Rule references are to Missouri Rules of Civil Procedure (14th ed. 1983).

found that claimant was not disqualified for benefits, in that Management had discharged claimant from employment on October 31, 1982, "due to lack of work," and not for misconduct connected with work. Management filed a timely notice of appeal from the deputy's determination and, as noted *supra,* the appeals tribunal reversed the deputy, declaring claimant disqualified for benefits until he earned wages after October 31, 1982, equal to ten times his weekly benefit amount. Claimant filed this suit after the Commission denied his application for review of the appeals tribunal's decision.

The circuit court found that Management was a party to the proceeding before the Commission and had been notified of that proceeding, as provided in § 288.210. Claimant does not attack that finding on this appeal.

The circuit court, citing *Duzer v. Industrial Commission,* 402 S.W.2d 616 (Mo. App.1966), held that inasmuch as claimant failed to name Management a defendant in this action for judicial review, the court was without jurisdiction over the action. Accordingly, the circuit court entered judgment granting the motion to dismiss by the Commission and the Division, and ordering claimant's petition dismissed. This appeal followed.

Claimant asserts here, as he did below, that he did not join Management as a defendant because on August 5, 1982, the United States Bankruptcy Court for the Western District of Missouri, pursuant to a petition by Management for relief under chapter 11 of the "United States Bankruptcy Code," had issued a "stay order" per 11 U.S.C. § 362(a). Claimant maintains this order prevented him from commencing any judicial, administrative or other proceeding against Management, and that had he named Management a defendant in the petition for judicial review, he would have been in violation of the stay order and could possibly have been found in contempt

of the Bankruptcy Court. Claimant adds that the stay order remained in effect throughout the pendency of the case in circuit court.

The Commission and the Division concede the existence of the stay order, but insist that under 11 U.S.C. § 362(f), claimant had a "simple procedural remedy" by which he could have obtained a "lifting" of the order for the purpose of naming Management a defendant in this case. In support of their contention, the Commission and the Division state—and claimant acknowledges—that after the appeal was lodged with us, the Bankruptcy Court lifted the stay and granted leave for this case to proceed against Management.

Though irrelevant to the result we reach *infra,* we observe that Management obviously continued to do business after filing its petition in the Bankruptcy Court, because claimant's employment ended October 31, 1982. Whether the dispute over claimant's entitlement to benefits, arising as it did from an incident that occurred *after* the filing of the petition in the Bankruptcy Court, was nonetheless subject to the stay under 11 U.S.C. § 362(a) is an issue we need not decide.[4] We note, however, that claimant apparently pursued the claim in the Division, and before the Commission, undeterred by the stay order. As the circuit court action was merely a further step toward resolving the dispute over claimant's entitlement to benefits, we are left to ponder why claimant believed the stay order came into play only at the judicial review stage. Had no action for judicial review been filed, the Commission's order would have conclusively determined the issues. § 288.200.2, RSMo 1978.

Piquant though they may be, however, we leave those items unaddressed, and move to the issue dispositive of this appeal.

*Duzer, supra,* 402 S.W.2d 616, squarely holds that the Division is a necessary party to an action for judicial review under

---

**4.** *Food Fair Stores, Inc. v. Hance,* 380 So.2d 1201 (Fla.Dist.Ct.App.1980), cited by claimant, involved a workmen's compensation claim that arose *before* the employer's petition was filed in the bankruptcy court.

§ 288.210; RSMo 1959,[5] and that the circuit court does not acquire jurisdiction over such an action where the Division is not made a defendant within the ten-day period specified in that statute. We believe the same rationale applies here, where Management was omitted from the action for judicial review.

As we pointed out at the start, § 288.210 requires that any party to, or having been notified of, the proceeding before the Commission *shall* be made a defendant in a circuit court action for judicial review of the Commission's decision. Management, as the circuit court found, was a party to, and was notified of, the Commission's decision. Management was compelled by law to contribute to the fund from which claimant sought benefits, Management's contribution rate depended on the benefits charged against its account,[6] and it was Management's appeal from the deputy's determination that resulted in the decision of the appeals tribunal which ultimately became the decision of the Commission.

We are therefore persuaded, and accordingly hold, that claimant was required by § 288.210 to make Management a defendant in his circuit court action for judicial review of the Commission's decision, and that because claimant failed to do so, the circuit court acquired no jurisdiction over the action.

Claimant's argument that the circuit court should have made a finding whether Management was an indispensable party under Rule 52.04(b) misses the mark. The rule in *Duzer*, which we find controlling, is that the circuit court acquires no jurisdiction over an action under § 288.210 if a necessary party is not made a defendant within the statutory deadline. *Duzer*, 402 S.W.2d at 618[2]. Rule 52.04(b), consequently, is inapplicable.

In upholding the circuit court's dismissal of this action, we do not ignore claimant's lamentation that the Bankruptcy Court stay order precluded him from joining Management as a defendant. It is sufficient for this appeal to note that the posture of this case throughout its duration in the circuit court was that a party necessary to confer jurisdiction on that court—Management—was never made a defendant. All the circuit court had to decide was whether, by reason of Management's absence, jurisdiction failed to attach. The circuit court decided that issue correctly.

If claimant, as he professes, indeed believes he was barred by the stay order from naming Management a defendant while this case was pending below, he can file another action for judicial review, joining Management and all other necessary parties, and present his theory regarding the stay order to the circuit court in the new action. That court can determine, in the factual context of this case, the effect of the stay order, if any, on the period allowed for commencing an action for judicial review under § 288.210. In doing so, the court will obviously be mindful that relief from the stay order was obtained some time ago. If the court concludes that while the stay order was in effect, it suspended the running of the period for filing the action under § 288.210, the court will have to determine whether that period began running when the order was lifted during this appeal. We forgo comment on these issues, awaiting a record which properly presents them for review.

Judgment affirmed.

GREENE, C.J., and TITUS, J., concur.

FLANIGAN, P.J., concurs in result.

**5.** Footnote 1, *supra*. Section 288.210 was amended twice between 1959 and the time claimant's action was filed in the circuit court. Neither amendment affects the precedential value of *Duzer* herein.

**6.** §§ 288.090–.123, RSMo 1978, as variously amended by Laws 1979, pp. 462–67, Laws 1980, pp. 380–85, Laws 1981, p. 238, and Laws 1982, p. 506.