**Betsy SCHIFF, Plaintiff-Appellant,**

v.

**LABOR & INDUSTRIAL RELATIONS COMMISSION of Missouri, and Supreme Court of Missouri, Defendants-Respondents.**

**No. 49015.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 15, 1985.

Martin Schiff, Jr., Clayton, for plaintiff-appellant.

Timothy P. Duggan, Jefferson City, for defendants-respondents.

PUDLOWSKI, Presiding Judge.

This appeal involves the dismissal of appellant's petition for judicial review of a decision by the Labor and Industrial Relations Commission. The dismissal was based upon the circuit court's lack of jurisdiction, in that appellant failed to join the Division of Employment Security within the time required under Section 288.210 RSMo 1978. We affirm.

Appellant, Betsy Schiff, filed a claim for unemployment benefits. A deputy from the Division of Employment Security determined that appellant was disqualified to receive benefits for six weeks for alleged misconduct that prompted her discharge. Appellant took no appeal from this determination because she believed that payment of unemployment benefits would merely be deferred, not denied. Appellant's belief was erroneous. Upon learning her benefits would be denied, appellant requested leave to file a late appeal from the deputy's decision. The appeals referee dismissed the appeal as untimely. The Labor and Industrial Relations Commission adopted

the decision of the referee, one Commissioner dissenting.

On March 12, 1984, appellant filed her petition for judicial review of the Commission's decision. Named as defendants were the Labor and Industrial Relations Commission and the Supreme Court of Missouri. The Commission filed a motion to dismiss for failure to join all necessary parties as defendants within the time required under Section 288.210. On August 1, 1984, the trial court sustained the motion to dismiss for failure to join the Division of Employment Security.

*Duzer v. Industrial Commission,* 402 S.W.2d 616 (Mo.App.1966) is on all fours with our case. *Duzer* specifically held that:

> Section 288.210, supra, provides the procedure where a judicial review is sought of a decision of the Commission. It is complete and exclusive, and its terms must be complied with before a court can acquire jurisdiction of such a proceeding. By its terms, the Division of Employment Security is designated as a necessary party to such suit, and in our judgment the court does not acquire jurisdiction over the action unless suit is filed and all necessary parties are made defendants within the ten day period specified in the statute.

Appellant is before this court asking us to overrule *Duzer.* We decline to do so. Section 288.210 contains a plain, unambiguous and positive command which plaintiff failed to heed. The terms of the statute must be complied with before a court can acquire jurisdiction. Necessary parties are clearly indicated and our decision is that the court does not acquire jurisdiction unless the action is timely brought and all necessary parties are named. The trial court did not err in sustaining the motion to dismiss.

Judgment affirmed.

GAERTNER and KAROHL, JJ., concur.