**STATE of Missouri, ex rel. LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI, Relator,**

v.

**The Honorable Melvyn W. WIESMAN Judge of the Circuit Court of St. Louis County, Missouri Division 19, Respondent.**

No. 50447.

Missouri Court of Appeals, Eastern District, Division Four.

March 25, 1986.

Timothy P. Duggan, Jefferson City, for relator.

C. Clifford Schwartz, Clayton, for claimant.

SATZ, Judge.

This is an action in prohibition. We issued our preliminary writ and now make it permanent.

In the underlying action, Dorothy McGirt (claimant) processed a claim for unemployment benefits before the appropriate administrative tribunals. The last of these tribunals, the Labor and Industrial Relations Commission (Commission), denied her benefits. She then sought judicial review of the Commission's decision. The Commission, as relator here, seeks our writ to prohibit the respondent judge from proceeding with his review on the grounds he lacks jurisdiction.

Section 288.210, RSMo 1978 [1] governs the procedure for judicial review of the Com-

---

1. Section 288.210 has since been amended. *See* Sec. 288.210, RSMo Supp.1985. These changes are not material to this decision.

mission's decision. Under the pertinent procedural provisions of the statute, a petition must be filed "[w]ithin ten days after a decision of the commission has become final" and "served upon a member of the commission or upon such persons as the commission may designate...." In addition, the petition must join the Commission as a defendant and also join "any other party to ... the proceeding before the commission" or any party who has been notified of that proceeding.

Claimant's petition for review was filed on the last day permitted by statute. It named only one defendant, Mary Lanza, the Secretary of the Commission. After being personally served, Ms. Lanza filed a motion to dismiss the petition for failure to comply with statutory requirements, namely, claimant's failure to join and serve the Commission and claimant's failure to join the Division of Employment Security and her former employer, Knodel Bakeries, Inc., both of whom had been "part[ies] to or ... notified of" the hearing before the Commission. The respondent judge denied the motion and, subsequently, permitted claimant to join the noted parties. The Commission was then served with claimant's first amended petition, and, after service, sought our writ to prohibit the respondent judge from proceeding with his review.

■ The Commission makes several arguments for making our writ permanent. We address the one which is dispositive of the case. The Commission argues the Division of Employment Security and Knodel Bakeries, Inc. are, by statute, necessary parties to claimant's petition for review. Claimant's failure to join them within the statutory time, the Commission contends, was fatal and their subsequent joinder carried no legal effect. Under present Missouri law, we agree.

The provisions of Sec. 288.210 governing the procedure for judicial review have been strictly construed. The failure to join a necessary party within the time required by statute is jurisdictionally fatal. *Duzer v. Industrial Commission,* 402 S.W.2d 616 (Mo.App.1966). In *Duzer,* this Court stated and held:

"Section 288.210, supra, provides the procedure where a judicial review is sought of a decision of the Commission. It is complete and exclusive, and its terms must be complied with before a court can acquire jurisdiction of such a proceeding. By its terms, the Division of Employment Security is designated as a necessary party to such suit, and in our judgment the court does not acquire jurisdiction over the action unless suit is filed and all necessary parties are made defendants within the ten day period specified in the statute...." 402 S.W.2d at 618.

*Duzer's* conclusory reasoning and holding is not aberrant. Recently, this Court specifically refused to overturn *Duzer* when asked to do so by a claimant who had failed to timely join the Division of Employment Security. *See Schiff v. Labor and Industrial Relations Commission,* 684 S.W.2d 924, 925 (Mo.App.1985). And our colleagues in the Southern District followed *Duzer* in affirming a dismissal of a petition for review when the claimant failed to join the employer. *See Peredoe v. Labor and Industrial Relations Commission,* 676 S.W.2d 306, 308–309 (Mo.App. 1984).

■ Moreover, even if we were to find the Commission was joined and properly served within the statutory period,[2] the Circuit Court still would not have jurisdiction to permit the filing of the amended petition joining the proper parties and, in turn, gain jurisdiction to proceed with its review. As stated in *Duzer:*

"Plaintiff's further contention that the statute should be construed as permitting a joinder of necessary parties after the ten day period, so long as the suit

2. The Commission contends the joining of the Secretary of the Commission and serving her was not the joining and service upon the Commission required by Sec. 288.210.

was filed against the Commission within the ten day period, is likewise without merit for the reason that there is no ambiguity in the statute which calls for construction." 402 S.W.2d at 618.

Thus, under our present law we must rule in the Commission's favor. This result, however, appears to conflict with the salutary purpose of our Employment Security Law. This law was enacted "to provide a partial wage replacement for workers left unemployed through no fault of their own." *Wimberly v. Labor and Industrial Relations Commission,* 688 S.W.2d 344, 346 (Mo. banc 1985). Its purpose is to tide people over to avoid social and economic disruption.[3] To help accomplish this purpose, our legislature specifically mandated this law should be liberally construed to achieve this end. *See* Sec. 288.020.2, RSMo 1978.[4] It is incongruous, to say the least, to have the procedural provisions of this law work to the detriment of those persons whom its substantive rights were designed to aid. This apparent conflict, however, must be left for the legislature to resolve.

Preliminary writ made permanent.

CARL R. GAERTNER, P.J., and SIMON, J., concur.

---

3. "As a guide to the interpretation and application of this law, the public policy of this state is declared to be as follows: Economic insecurity due to unemployment is a serious menace to health, morals, and welfare of the people of this state resulting in a public calamity. The legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this state require the enactment of this measure, under the police powers of the state, for compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own." Sec. 288.020.1, RSMo 1978.

4. "This law shall be liberally construed to accomplish its purpose to promote employment security both by increasing opportunities for jobs through the maintenance of a system of public employment offices and by providing for the payment of compensation to individuals in respect to their unemployment." Sec. 288.020.2, RSMo 1978.