Eldon R. MILLER, Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION, et al.,
Respondents.

No. WD 39134.

Missouri Court of Appeals,
Western District.

Aug. 11, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 1987.

Application to Transfer Denied
Nov. 17, 1987.

Robert B. Zeldin, Kansas City, for appellant.

Sharon A. Willis, Kansas City, Sandy Bowers, Catherine J. Barrie, Jefferson City, for respondents.

Before KENNEDY, C.J., and
MANFORD and LOWENSTEIN, JJ.

PER CURIAM.

Eldon Miller appeals from a judgment of the Circuit Court of Jackson County dismissing his petition for judicial review of

orders of the Labor and Industrial Relations Commission ("Commission"). The Commission's orders denied review of two decisions of the appeals tribunal of the Division of Employment Security. The appeals tribunal found that Miller was an employer under Chapter 288, RSMo Supp. 1984, and his employee, Richard W. Hocking, was entitled to wage credits for the period from January 1 to September 30, 1984.

The judgment of the circuit court is affirmed.

Since the jurisdictional viability of judicial review turns on the statutory requirement of all necessary parties being named, the underlying facts here will be omitted.

Miller filed separate applications for review of the findings of the appeals tribunal. The appeals tribunal found: first, that Hocking was entitled to wage credits for 1984; and, second, that Miller became an employer, subject to the provisions of § 288.032 RSMo, in 1984. The Commission, in separate orders, denied the applications for review, and found the decisions of the appeals tribunal were supported by competent and substantial evidence.

Miller timely filed a combined petition for judicial review of both decisions of the Commission, pursuant to § 288.210 RSMo 1986. The petition named as defendants the Commission and the three members of the Commission. The Commission and the Division of Employment Security entered a special appearance to present a motion to dismiss the petition on the ground that the court was without jurisdiction because Miller had not named Hocking, the employee, as a defendant within the time required by § 288.210.

The circuit court sustained the motion to dismiss on the ground that the statute required joinder of all necessary parties within ten days of filing the petition for review in the circuit court. Miller asserts that the employee was not a "necessary party" to the petition for review and the failure to join the employee should not be fatal because the statute specifies that no proceeding for judicial review may be dismissed "because of the failure of any party, other than the division, to answer or appear in response to a petition." Section 288.210 RSMo.

Judicial review of the Commission's decision is authorized by § 288.210, which provides, in pertinent part:

Within ten days after a decision of the commission has become final, the director or any other party aggrieved thereby may secure judicial review thereof by commencing an action in the circuit court ... against the commission for the review of such decision in which action any other party to or having been notified of the proceeding before the commission shall be made a defendant.

Miller did not name Hocking, the employee, as a defendant in the petition for review of the Commission's decision. The Commission argues on appeal that Hocking was a necessary party because he was a party to one of the proceedings and was notified of one of the proceedings before the Commission.

The provisions of § 288.210 governing the procedure for judicial review have been strictly construed. *State ex rel. Labor & Indus. Rel. v. Weisman,* 708 S.W.2d 733, 734 (Mo.App.1986). The circuit court acquires no jurisdiction over an action under § 288.210 if the petitioner fails to make any necessary party a defendant within the statutory deadline of ten days. *Duzer v. Industrial Commission,* 402 S.W.2d 616, 618 (Mo.App.1966). In *Duzer,* the Eastern District affirmed the dismissal of a petition for review when the claimant failed to timely join the Division of Employment Security as a party. The court in *Duzer* stated:

Section 288.210 ... provides the procedure where a judicial review is sought of a decision of the Commission. It is complete and exclusive, and its terms must be complied with before a court can acquire jurisdiction of such a proceeding.... in our judgment the court does not acquire jurisdiction over the action unless suit is filed and all necessary parties are made defendants within the ten day period specified in the statute....

*Id.* at 618.

The Eastern District recently reaffirmed *Duzer* in a case in which the claimant had

failed to join either the Division of Employment Security or the former employer. *State ex rel. Labor, supra,* 708 S.W.2d at 734. The court of appeals found that both were necessary parties to claimant's petition for review and that the failure to join them within the statutory time was fatal. Similarly, in *Peredoe v. Labor & Indus. Rel.,* 676 S.W.2d 306 (Mo.App.1984), the Southern District upheld the circuit court's dismissal of a petition for review when the claimant failed to join the employer. The Southern District held that the same rationale applied to the employer as was applied in *Duzer,* if the employer was a party to the proceeding before the Commission.

The court holds Miller, the employer, was required by § 288.210 to make Hocking, the employee, a defendant in the combined petition for judicial review of the decisions of the Commission, because Hocking was a party to one of the proceedings before the Commission. Since Miller failed to do so, the circuit court acquired no jurisdiction over the action, and did not err by dismissing the case.

Judgment affirmed.