The PHARMACOLOGY RESEARCH CORP., Appellant,

v.

MISSOURI DIVISION OF EMPLOYMENT SECURITY and Missouri Labor and Industrial Relations Commission, Respondents.

No. WD 39827.

Missouri Court of Appeals, Western District.

May 10, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 28, 1988.

Application to Transfer Denied Sept. 13, 1988.

E.J. Holland, Jr., Kansas City, for appellant.

Sharon A. Willis, Kansas City, and Sandy Bowers, Jefferson City, for Missouri Div. of Employment Sec.

James B. Crenshaw, Jefferson City, for Labor & Indus. Relations Com'n of Missouri.

Before MANFORD, P.J., and
TURNAGE and COVINGTON, JJ.

TURNAGE, Judge.

The Pharmacology Research Corp. sought judicial review of a decision of the Missouri Labor and Industrial Relations Commission. On motion of the Commission, the court dismissed the petition for review because Pharmacology had failed to name the claimant as a party to the review proceeding. Pharmacology contends that its petition did name the claimant as a party. Affirmed.

In September of 1984, a deputy in the Division of Employment Security determined that Socrates Duncan was entitled to wage credits based upon services performed for wages in the employment of Pharmacology.

An appeal to the appeals tribunal of the Division resulted in the determination of the deputy being reversed. The Division thereafter sought review by the Commission, and the Commission reversed the decision of the appeals tribunal and held that Duncan was entitled to wage credits.

Pharmacology sought judicial review in the Circuit Court of Jackson County. The caption of the petition named Pharmacology as the petitioner and the Division and the Commission as the other parties. In the body of the petition the facts were set out as heretofore stated, with Duncan being identified as the claimant. The petition further alleged that the claimant had performed no work or labor for Pharmacology and that he was not entitled to wage credits.

The prayer was that the decision of the Commission be reviewed and that the court find that claimant had not received wages which would entitle him to wage credits.

The Commission filed a motion to dismiss the petition for review because Pharmacology had failed to name Duncan as a party, contrary to the mandate of § 288.210,

RSMo 1986. The court dismissed the petition for review.

Pharmacology contends that even though Duncan was not identified in the caption, mention of his name in the petition was sufficient to name him as a party. Pharmacology relies on *Associated Grocers' Co. of St. Louis, Mo. v. Crowe*, 389 S.W.2d 395 (Mo.App.1965), and *Tyrolf v. Veterans Administration*, 82 F.R.D. 372 (1979). In *Associated Grocers'*, the question was whether or not the members of the Commission had been sued in their individual capacities or whether the Commission was a party. The caption named the three individuals who were the members of the Commission and identified them as members of the Industrial Commission. This court held that there was nothing in the petition that alleged a cause of action against the members of the Commission individually. The court further held that in stripping the caption of surplusage, the caption named the Industrial Commission as a party. 389 S.W.2d at 400[16]. The court did not mention the necessity of naming all parties in the caption, as required by Rule 55.02.

The court in *Tyrolf* stated that the United States was named as a party defendant in the body of the complaint. The court held that by reason of this fact the United States was named as a party even though not named as such in the caption. 82 F.R.D. at 375.

■ The petition here named Duncan as the claimant, but there are no allegations referring to Duncan as a party. The allegations referring to Duncan by name or as claimant were in the nature of a factual recitation of the events leading to the Commission's decision and the conclusion that the Commission's decision was erroneous. Duncan was not referred to in the petition as a party, and there is no indication from the petition that Duncan was either named as a party or was intended to be named as a party.

From the above discussion of *Associated Grocers'* and *Tyrolf*, it is apparent that those decisions do not aid Pharmacology in this case.

In *Laiben v. State*, 684 S.W.2d 943, 944[1] (Mo.App.1985), the question was whether the Director of Revenue had been named as a party. He was not mentioned in the caption, and the court noted that nowhere in the petition was he identified specifically as a party. The court concluded that the Director was not a party. In *State ex rel. Missouri Highway and Transportation Commission v. Labor and Industrial Relations Commission*, 706 S.W.2d 609, 610 (Mo.App.1986), the court held that merely alleging in the body of the petition that the Division had entered a decision unsupported by competent and substantial evidence was not sufficient to name the Division as a party. The court noted that the Division was not referred to in either the caption or the prayer.

■ Rule 55.02 requires that the petition contain a caption setting forth the title of the civil action and requires that the title shall include the names of all the parties. It must be remembered that the rule is that the caption must contain the names of all the parties. Cases in which it is found that a party is named by a reference only in the petition and not in the caption are the exception to the rule. No case has been cited or located in which a court has found that although a party was not named in the caption that person was named as a party on allegations similar to those in this case. Cases that excuse the failure to name a party in the caption do so to relieve the petitioner of technical omissions. However, in those cases, as *Tyrolf* illustrates, there are specific allegations in the body of the petition that name the parties to the action.

To say that Duncan was named as a party here would be a stretch of the exception to Rule 55.02 to the point of eliminating the requirement of that rule. With nothing in the petition to identify Duncan as a party, the court correctly held that the petition should be dismissed for failure to name Duncan as a party. *Miller v. Labor and Industrial Relations Commission*, 738 S.W.2d 486 (Mo.App.1987) (failure to

name claimant as a party is ground to dismiss petition for review).

The judgment is affirmed.

All concur.