STATE of Missouri ex rel. LABOR AND INDUSTRIAL RELATIONS COMMISSION and Division of Employment Security, Relators,

v.

The Honorable Thomas K. McGUIRE, Judge of the Circuit Court of Greene County, Missouri, 31st Judicial Circuit, Respondent.

No. 17896.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 10, 1992.

Victorine R. Mahon, Jefferson City, for relator, Labor and Indus. Relations Com'n.

Ronald J. Miller, Ninion S. Riley, Sandy Bowers, Jefferson City, for relator, Div. of Employment Sec.

Kendall R. McPhail, Glenn P. Green, Lowther, Johnson, Joyner, Lowther, Cully & Housley, Springfield, for respondent.

MAUS, Judge.

Stacy Liebeck (Employee) filed a claim for unemployment compensation. Federal Express, the last-named employer, filed what was considered by the Division of Employment Security (Division) and the Labor & Industrial Relations Commission (Commission) to be a protest. A deputy denied her claim. An Appeals Tribunal and the Commission affirmed that denial. Employee filed a petition in the Circuit Court

of Greene County for judicial review of that denial. The petition does not name Federal Express as a party. The trial court denied the motion of the Division and Commission to dismiss the action. The Commission and Division, as Relators, filed their petition in this court for an order prohibiting the respondent Circuit Judge of the Circuit Court of Greene County, Missouri, from further proceeding upon said petition for judicial review. A preliminary order was issued.

The following is a resume of the facts. As stated, Employee filed a claim for unemployment compensation. On June 21, 1990, by a stereotype form, the Division notified Federal Express of that claim. The notice was headed: "Notice to Last Employer of Claim Filed for Unemployment Benefits". In fact Federal Express was claimant's last employer and also a "base period" employer. The notice set forth the name of the employee and her social security number. The body of the notice read as follows:

"The claimant named above has filed a claim for unemployment benefits. If you are a Missouri employer and you paid wages to the claimant within the base period of the claim, your account may be subject to charge for benefits paid. If the claimant is a female and has had a name change due to marriage, you can identify her by checking the social security number against your payroll records. Benefits will be paid if the claimant is eligible and not disqualified. If you have information which you believe may justify the denial of benefits, it must be reported in person or in writing to the local office shown above within ten (10) days after this notice was mailed.

If a protest is made, include your Mo. employer account number (if any), claimant name, social security number, type of work, rate of pay, last day worked and specific reason for separation from work. Lack of work is not a reason to deny benefits. A quit, discharge, labor dis-

pute or payment such as holiday or vacation, or pension should be reported.

The specific information which should be contained in any protest can be furnished in a written statement or, if you prefer, you or your representative may come to the local office and supply the information in person. You may be asked to furnish additional statements after the claimant is interviewed.

You may offer work to the claimant by contacting the unemployment insurance section in the local office shown above.

If you desire you may file your protest on the reverse of this form and return to the local office shown above."

On July 2, 1990, the Division received, by mail, the returned notice form. The following was typed on the reverse side of the form:

"To Whom it May Concern:

Stacy Liebeck resigned her position with the company effective 11 June, 1990 due to personal reasons."

This response was signed by a senior manager of Federal Express.[1]

Following an interview a deputy denied the claim. Upon hearing, an Appeals Tribunal also denied the claim. Upon review, the Commission affirmed the Appeals Tribunal. Federal Express had been placed upon the official address record as an "interested party". Federal Express was notified of the decision of the Appeals Tribunal and the Commission. Also as stated, Employee filed a petition for judicial review in which she alleged the record demonstrated she left her employment because of "good cause attributable to [her] work." § 288.-050.1(1). The body of the petition alleged the Commission denied the claim of Employee "as against Federal Express Corp., as employer." Federal Express was not named in the caption of the petition or otherwise described as a party or referred to in the petition.

---

1. Gates McDonald, a firm that handles unemployment matters for Federal Express, also filed a response. Employee questions the timeliness and sufficiency of that response to constitute a "protest". Inasmuch as the response by Federal Express is determined to be a sufficient protest, the response by Gates McDonald is not discussed.

As stated, the Division and Commission filed a motion to dismiss the action based upon the failure to join Federal Express as a party, which resulted in the court having no jurisdiction of the action. The trial court denied the motion. In support of their petition for an order of prohibition, the Commission and Division cite § 288.070 and § 288.210 and cases construing those statutes as controlling authority. The relevant portions of those statutes provide:

"Notice of each initial claim filed by an insured worker which establishes the beginning of his benefit year shall be promptly mailed by the division to each base period employer of such individual and to the last employing unit whose name is furnished by the individual when he files such claim.... Any such base period employer or any employing unit, which employed the claimant since the beginning of the base period, who within ten calendar days after the mailing of notice of the initial claim or a renewed claim to his or its last known address files a written protest against the allowance of benefits shall be deemed an interested party to any determination allowing benefits during the benefit year until such time as the issue or issues raised by the protest are resolved by a determination or decision which has become final." § 288.070.1.

"Within ten days after a decision of the commission has become final, the director or any other party aggrieved thereby may secure judicial review thereof by commencing an action in the circuit court of the county of claimant's residence ... against the commission for the review of such decision in which action any other party to or having been notified of the proceeding before the commission shall be made a defendant.... In any action for judicial review, the petition, ... shall be served upon a member of the commission or upon such persons as the commission may designate, and such service shall be deemed completed service on all parties, but there shall be left with the party served as many copies of the petition as there are defendants and the commission shall forthwith mail one such copy to each such defendant...." § 288.210.

The requirement of joinder found in § 288.210 has been construed to be mandatory. *Miller v. Labor & Indus. Rel. Com'n*, 738 S.W.2d 486 (Mo.App.1987). As the authority for a proceeding for judicial review is granted by special statute, that joinder has been held necessary to vest a court with jurisdiction to hear a petition for judicial review.

"Section 288.210, supra, provides the procedure where a judicial review is sought of a decision of the Commission. It is complete and exclusive, and its terms must be complied with before a court can acquire jurisdiction of such proceeding. By its terms, the Division of Employment Security is designated as a necessary party to such suit, and in our judgment the court does not acquire jurisdiction over the action unless suit is filed and all necessary parties are made defendants within the ten day period specified in the statute." *Duzer v. Industrial Commission*, 402 S.W.2d 616, 618 (Mo.App.1966).

These decisions have been consistently followed. *Pharmacology Research Corp. v. Div. of Emp. Sec.*, 755 S.W.2d 250 (Mo. App.1988); *State ex rel. Labor & Indus. Rel. v. Wiesman*, 708 S.W.2d 733 (Mo.App. 1986); *State ex rel. Mo. Hwy. & Trans. Com'n v. Labor & Indus. Relations Com'n*, 706 S.W.2d 609 (Mo.App.1986); *Schiff v. Labor & Industrial Relations Commission*, 684 S.W.2d 924 (Mo.App. 1985); *Peredoe v. Labor & Indus. Relations Com'n*, 676 S.W.2d 306 (Mo.App. 1984). The jurisdictional principle embodied in those cases has also been applied to petitions for judicial review of the administrative decisions of the Director of Revenue, *Matter of Mulderig*, 670 S.W.2d 182 (Mo.App.1984); *Randles v. Schaffner*, 485 S.W.2d 1 (Mo.1972), of the State Tax Commission, *Warnecke v. State Tax Commission*, 340 S.W.2d 615 (Mo.1960), and of the Public Service Commission, *Ward v. Public Service Commission*, 341 Mo. 227, 108 S.W.2d 136 (1937).

Employee contends this case is analogous to and controlled by *Brown v. Labor & Ind. Relations Com'n*, 577 S.W.2d 90 (Mo.App.1978). This case is not analogous to *Brown*. In *Brown*, the appellate court held that an employee who quit part-time employment was not disqualified from claiming benefits upon the subsequent termination of his contemporaneous full-time employment. The full-time employer did not protest the payment of benefits. Under those circumstances, the court held the failure to join the part-time employer did not bar the payment of benefits to be charged to the account of the non-protesting full-time employer. The issue of jurisdiction was not discussed. If that issue was decided by implication, it is contrary to *Duzer*, and the unbroken string of cases contrary to Employee's position. This court declines to find those cases unsound and that *Brown* is authority that the language of the statute is less than mandatory.

Nor, as Employee suggests, is the principle of mandatory joinder weakened by the 1985 amendment of § 288.210. That amendment rewrote the fifth sentence of the section which prior thereto provided:

"[T]he division shall be a necessary party to any judicial action involving any such decision and may be represented by any qualified attorney who may be employed or appointed by the director and designated by him for this purpose."

That statute yet provides that any party to the proceeding before the commission *"shall* be made a defendant." § 288.210. (Emphasis added.) This mandatory language affords recognition that the failure to require the joinder of such an employer, whose account is subject to being charged, would raise serious questions of due process.

Employee contends that the nonjoinder of Federal Express is not a basis for dismissal because Federal Express was not a "party" to the proceeding before the Commission, for the reason that the returned notice form was not a "protest" as required by § 288.070. Neither Employee nor the Division nor Commission take cognizance of the alternative language "any other party to *or having been notified* of the proceeding before the commission shall be made a defendant" found in § 288.210. (Emphasis added). It is undisputed Federal Express was notified of the proceeding before the Commission. Since the Commission and the Division do not rely upon this alternative language as a basis for prohibition, it will not be considered. That being so, this opinion should not be construed as an interpretation of that alternative language.

Employee argues that the response of Federal Express on the reverse side of the notice is merely a statement by a "material witness," as defined by the regulations of the Division. That term is defined as:

"[A]ny person, employer or employing unit which is not an interested party to a determination under section (2) but which, nevertheless, has provided information which was used by the division in making its determination. The appeals tribunal, on written request by the material witness, will provide the material witness with a complimentary copy of the decision involving the material witness. The complimentary copy shall not confer on the material witness any legal rights which the witness does not already have." 8 CSR 10–5.010(3).

In contrast, the regulations' definition of "interested party" includes:

"Any employer or employing unit that has filed a timely protest in accordance with section 288.070, RSMo;". 8 CSR 10–5.010(2)(B).

The response of Federal Express is to be measured by a common sense interpretation. Federal Express is obviously more than a material witness. Its account will be charged if benefits are paid under Employee's claim. The notice advises that if Federal Express desires it may file a protest on the reverse side of the form. On the reverse side Federal Express said Employee resigned "due to personal reasons." This was, in the parlance of the notice, an allegation of "a quit." The response, considered in relation to Federal Express's sta-

tus and the terminology of the notice can only be construed to be a written "protest", as that term is used in § 288.070. The fact it does not set forth all the information requested by the notice does not cause the response not to meet that statutory standard. Cf. 8 CSR 10–5.010(4)(C)—Appeals to an Appeals Tribunal.

■ Nor does that response fail to constitute a "written protest" because it does not expressly allege Employee resigned without "good cause attributable to [her] work or to [her] employer." § 288.050.1(1). The response does state she quit for personal reasons. That is tantamount to an allegation the cause was not attributable to her work or employer. Moreover, the Employee bears the burden of proof to establish such "good cause." It is in the nature of an affirmative defense. *Stevinson v. Labor and Indus. Rel. Com'n of Mo*, 654 S.W.2d 373 (Mo.App.1983). To protest, Federal Express was not required to negate that issue.

■ Nor is that response not a protest because it was signed on behalf of Federal Express by a senior manager. A layman may not practice law on behalf of a corporation. *Reed v. Labor and Indus. Relations Com'n*, 789 S.W.2d 19 (Mo. banc 1990) found,

> "the statutes require the applicant to assert facts and legal theories supporting reversal, which requires some degree of legal skill and knowledge. The statutes also recognize the different degree of legal skill and knowledge required in hearings of the Appeals Tribunal and beyond." *Id.* at 23.

*Reed* held "that filing the application for review to the Commission constitutes assertions of legal rights." *Id.* at 23. The court did not extend the scope of that decision to filing a protest upon receipt of the initial notice of a claim. The statement of the senior manager that Employee resigned for personal reasons was not the practice of law. Cf. *State ex rel. Missouri Department of Social Services v. Administrative Hearing Com'n*, 814 S.W.2d 700 (Mo.App.1991).

■ Finally, Employee contends that prohibition does not lie because the issue of jurisdiction is dependent upon the resolution of an issue of fact by the trial court. She apparently refers to a determination of whether or not the response of Federal Express is a protest. She cites *State ex rel. Clem Trans. Inc. v. Gaertner*, 688 S.W.2d 367 (Mo. banc 1985). That case involved the sufficiency of the service of process, the manner of which was not developed by the record. In that case the court appropriately denied prohibition because jurisdiction of the trial court was dependent on a determination to be made upon presentation of the facts relating to service. The principle of that case is not applicable to this proceeding. Under the record in this case, as a matter of law, Federal Express's response to the notice was a written protest. Because Federal Express was not made a defendant, the trial court has no jurisdiction of the petition for judicial review. Because of the total absence of jurisdiction, the trial court is prohibited from proceeding. The order of prohibition is made absolute and the trial court is directed to dismiss the petition.

FLANIGAN, C.J., and MONTGOMERY, J., concur.