John CLAY, Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI, et al., Respondents.

No. 77790.

Supreme Court of Missouri, En Banc.

Oct. 24, 1995.

James A. Stemmler, St. Louis, for appellant.

Larry R. Ruhmann, St. Louis, Victorine R. Mahon, Jefferson City, for respondents.

ROBERTSON, Judge.

John Clay appeals the circuit court's dismissal of his petition for review of the Labor and Industrial Relations Commission's ("Commission") decision denying Clay's claim for unemployment benefits. Relying on *Duzer v. Industrial Comm'n*, 402 S.W.2d 616 (Mo.App.1966), the circuit court held that Clay's failure to identify his employer as a defendant in his petition for review divested the circuit court of jurisdiction to review the Commission's decision under section 288.210, RSMo 1994. Among other things, Clay asserts that section 288.210 violates due process. Mo. Const. art. I, § 10. We have jurisdiction. Mo. Const. art. V, § 3.

We reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion. *Duzer* and cases following *Duzer* are overruled.

**I.**

Incarnate Word Hospital ("Hospital") employed Clay for twenty-four years. On April 24, 1994, the Hospital fired Clay for insubordination after Clay and another Hospital employee argued. The Appeals Tribunal of the Missouri Division of Employment Security ("Division") found that the Hospital terminated Clay for misconduct. The decision disqualified Clay from certain unemployment benefits.

On review, the Commission affirmed the Division's findings. Clay filed a petition for review in the Circuit Court of the City of St. Louis, pursuant to section 288.210, pleading that Clay "was employed as a chef at the employer herein, Incarnate Word Hospital" but failing to name the Hospital as a defendant in the caption of the petition for review or use the word "defendant" in the body of the petition. The Commission and the Divi-

sion specially entered their appearance and moved the circuit court to dismiss Clay's petition. These movants argued that the circuit court did not have jurisdiction to hear the case because Clay did not name the Hospital a defendant within the ten days permitted by section 288.210 for filing the petition for review. The circuit court sustained the motion, relying on *Duzer v. Industrial Comm'n*, 402 S.W.2d 616 (Mo.App. 1966).

**II.**

We need not reach Clay's constitutional claims. Clay argues that even if section 288.210 is constitutional, the circuit court erred in ruling that Clay's failure to join Hospital within the ten-day deadline destroyed jurisdiction. We agree.

Section 288.210 provides in pertinent part:

Within ten days after a decision of the commission has become final, the director or any other party aggrieved thereby may secure judicial review thereof by commencing an action in the circuit court of the county of claimant's residence ... against the commission for the review of such decision *in which action any other party to or having been notified of the proceeding before the commission shall be made a defendant*.... In any action for judicial review, the petition ... shall be served upon a member of the commission or upon such persons as the commission may designate, and such service shall be deemed completed service on all parties, but there shall be left with the party served as many copies of the petition as there are defendants and the commission shall forthwith mail one such copy to each such defendant.

[Emphasis added.] The Commission and the Division rely on the emphasized language and *Duzer* for the proposition that unless all necessary parties are named as defendants within ten days, the circuit court does not acquire jurisdiction over the petition for judicial review.

*Duzer*, too, focused on the emphasized language and the general proposition that a "court does not acquire jurisdiction unless the steps prescribed by statute have been followed...." *Duzer*, 402 S.W.2d at 618,

*quoting* 81 C.J.S. Social Security and Public Welfare, § 229, 334–5. For the reasons that follow, we think that *Duzer's* focus is too narrow and that its lifting a phrase from an entire law to defeat judicial review of the denial of unemployment benefits contravenes the legislature's intentions.

The "Missouri Unemployment Security Law," §§ 288.010, *et seq.*, RSMo 1994, declares "unemployment a serious menace to ... [the] welfare of the people of this state resulting in a public calamity," § 288.020.1, RSMo 1994, and directs that "[t]his law shall be liberally construed to accomplish its purpose to ... [provide] for the payment of compensation to individuals in respect to their unemployment." § 288.020.2, RSMo 1994.

The law requires the Division to notify each base period employer of the filing of a claim for benefits, § 288.070.1, RSMo 1994, and places on the Commission the duty to receive service for all parties where a petition for judicial review challenging the Commission's decision is filed. § 288.210. Moreover, the Commission must "forthwith mail one such copy [of the petition for review] to each such defendant." *Id.* *Duzer* ignored these statutory duties on the Division and the Commission, whistling past the latter two statutory provisions with an ellipsis when quoting section 288.210.

The purpose of the statutory provision requiring that the person seeking review name the defendant in the petition is to ensure that parties to the proceedings before the Commission have an opportunity to be heard on review in the circuit court. As a result of the previous proceedings in the matter, however, the Commission is aware of the necessary parties. § 288.200, RSMo 1994. The statutory requirement that a person seeking review of the Commission's decision make the other parties defendants serves the administrative convenience of the Commission in fulfilling its statutory duty to inform necessary parties of the pendency of the petition for review. It does not erect jurisdictional barriers to the circuit court's ability to review the Commission's decision.

Although distinguishable on its facts, we think *Brown v. Labor & Indus. Relations Comm'n*, 577 S.W.2d 90, 96 (Mo.App.1978), better understands the liberal construction of the law that the legislature commanded. We hold, as *Brown* intimates, that where the Commission bears statutory responsibility for accepting service on interested parties who have been in the case from the beginning and for notifying those parties of the existence of the petition for review, the circuit court is not deprived of jurisdiction to review the Commission's decision because the petition for review fails to name the employer as a defendant.

*Duzer* and cases following it, *e.g., Hansen v. Division of Employment Sec.*, 520 S.W.2d 150 (Mo.App.1975); *Elliott v. Division of Employment Sec.*, 640 S.W.2d 485 (Mo.App. 1982); *Peredoe v. Labor & Indus. Relations Comm'n*, 676 S.W.2d 306 (Mo.App.1984); *State ex rel. Labor & Indus. Relations Comm'n v. Wiesman*, 708 S.W.2d 733 (Mo. App.1986); *State ex rel. Labor & Indus. Relations Comm'n v. McGuire*, 838 S.W.2d 164 (Mo.App.1992), are overruled.

### III.

The judgment of the circuit court is reversed and the cause remanded for further proceedings consistent with this opinion.

HOLSTEIN, C.J., BENTON, PRICE, LIMBAUGH, and COVINGTON, JJ., and SMART, Special Judge, concur.